425 So.2d 29 (1982)
WIMBLEDON TOWNHOUSE CONDOMINIUM I ASSOCIATION, INC., Cross-Appellant,
v.
Bernard KESSLER and Marilyn Kessler, His Wife, Cross-Appellees.
No. 80-1673.
District Court of Appeal of Florida, Fourth District.
December 8, 1982.
Rehearings Denied February 7, 1983.
Edward S. Polk of Becker, Poliakoff & Streitfeld, P.A., Fort Lauderdale, for cross-appellant.
Christopher C. Cloney, Fort Lauderdale, for cross-appellees.
GLICKSTEIN, Judge.
In July, 1979, cross-appellant/condominium association sued cross-appellees/unit *30 owners for removing their garage door and substituting sliding glass doors without the approval of the board of directors. The complaint sought injunctive relief to require the unit owners to restore the exterior portion of their townhouse unit to its original condition.
After the parties had jousted for one year, the unit owners filed an offer of judgment pursuant to Florida Rule of Civil Procedure 1.442, whereby they offered either to paint the sliding glass door the same color as the garage doors in the complex, or in the alternative, to construct a wooden facade on the exterior side of the sliding glass door, which facade would duplicate the appearance of the original garage door.[1] They also offered to pay the association's costs incurred in filing the action, serving process and reporting. The offer was not accepted.
The parties went to trial the following month. As a result, the unit owners were ordered to replace the garage door with one like the original or one as similar in appearance as possible to the original within thirty days. Although the association's attorneys attested to 40 hours of legal services expended in this matter from the commencement of services until the offer of judgment was made, the trial judge  with almost thirty years in service as a circuit judge in Broward County  recognized the absence of any reasonable basis for so much time in a case of this nature. He awarded an attorney's fee of $1,500 for pre-offer services, which the association did not appeal. The trial court refused to award any attorney's fees for services performed after the offer of judgment, notwithstanding the contention by the association's attorneys that they had expended 38 additional hours in this matter since the offer of judgment. Apparently, it was the trial court's reasoning, with which we agree, that the action was brought because the association was complaining about exterior appearance. When the unit owners agreed to restore that appearance in their offer of judgment, that should have ended the dispute on the merits, terminating the necessity for any additional costs and attorney's fees.
Florida Rule of Civil Procedure 1.442 provides that if the offeree declines to accept the offer of judgment and the judgment obtained by the offeree is not more favorable than the offer, he is responsible to the offeror for the latter's costs. Implicit within that conclusion is that the unsuccessful declining offeree shall not recover his post-offer costs or attorney's fees. The trial court concluded that the ultimate award was not more favorable than the offer in this case and, in addition to refusing to award the association post-offer attorney's fees, awarded the unit owners post-offer costs.
The association argues that the final award was more favorable than the offer because it permanently enjoined the unit owners from further violations of the declaration of condominium and ordered their compliance therewith; required replacement of the garage door by the unit owners within thirty days; authorized the association to make the replacement if the unit owners failed to do so in a timely fashion; ordered the unit owners not to deny the association access if it was necessary for it to replace the garage door; authorized the association to assess the unit owners for any costs incurred by the association in the replacement; declared the association's entitlement to a lien for the assessment; and retained jurisdiction for the purpose of enforcing any such lien.
The reason we agree with the trial court is that the meaningful happenings upon which the association relies as establishing an award more favorable than the offer would have been available to the association if the offer had been accepted  specifically the ability to enforce the judgment pursuant to Florida Rule of Civil Procedure *31 1.570.[2] The association still would have been entitled to pre-offer attorney's fees upon acceptance of the offer because it would have been the prevailing party, placing it within the scope of section 718.303(1), Florida Statutes (1979).[3]
*32 We do not minimize the importance of a uniform exterior appearance to condominium associations; and we underscore the significance to the association's well-being that each unit owner abide by the rules. Nevertheless, the amount of time logged by the association's attorneys in this case compels us to suggest  as the able trial judge recognized  that it is inappropriate to expend so much professional time on an internal squabble of this nature, a defect in the shirt not warranting reinvention of the loom. We hope the attorneys of this district will consider including in future condominium documents some provision for a prompt, inexpensive method of arbitrating these aesthetic and other internal disputes.
AFFIRMED.
HERSEY and WALDEN, JJ., concur.
NOTES
[1] "Facade" has been defined as the front or forward outer surface of a building. Webster's New Collegiate Dictionary 406 (1981); Roget's II The New Thesaurus 356 (1980). The fact appears to be uncontradicted that the garage door was inoperable before the change in appearance and neither the trial court nor the parties were concerned with operational use. The concern was appearance.
[2] Florida Rule of Civil Procedure 1.570, as it read when the offer of judgment was made, provided:

Final process to enforce any judgment may be by execution or other appropriate process or proceedings if the judgment is solely for the payment of money. If the judgment is for the performance of any specific act, as for example, for the execution of a conveyance of land or the delivering of deeds or other documents, the judgment shall prescribe the time within which the act shall be done and upon affidavit that the judgment has not been complied with within the prescribed time, the clerk shall issue a writ of attachment against the delinquent party, from which he shall not be discharged except upon a full compliance with the judgment and the payment of all costs or upon a special order of the court enlarging the time for the performance thereof. If the delinquent party cannot be found, a writ of sequestration shall issue against his estate to compel obedience to the judgment. When a judgment is made for a conveyance, release or acquittance of land or any interest therein and the party against whom the judgment is entered does not comply therewith by the time prescribed, then such judgment shall be considered to have the same operation and effect as if the conveyance, release or acquittance had been executed conformably to it; notwithstanding any disability of such parties by infancy, lunacy, coverture or otherwise. If any other judgment, injunction or mandatory order for the specific performance of any act or contract is not complied with, the court may hold the disobedient party for contempt or may sequestrate his property or order that the act required be done, so far as practicable, by some other person appointed by the court at the cost of the disobedient party and the act, when so done, shall have like effect as if done by such party.
See also Burke v. Burke, 336 So.2d 1237 (Fla. 4th DCA 1976). As for the injunctive relief contained in the final judgment, we consider it superfluous in light of the relief provided by Florida Rule of Civil Procedure 1.570 and the limited scope of the parties' controversy as contained in the association's complaint.
[3] See also Parliament Ins. Co. v. That Girl In Miami, Inc., 377 So.2d 1011 (Fla. 3d DCA 1979). There is authority to the contrary under corresponding Federal Rules of Civil Procedure 68. See Gamlen Chem. Co. v. Dacar Chem. Prods. Co., 5 F.R.D. 215 (W.D.Pa. 1946).

In determining the entitlement to post-offer attorney's fees, cross appellants have not raised  therefore we have not considered  whether an offer that does not include pre-offer attorney's fees should be considered as less favorable, for the purpose of Florida Rule of Civil Procedure 1.442, than an ultimate judgment, which does include pre-offer attorney's fees. The following statement appears in That Girl In Miami, Inc., a short, per curiam opinion:
If an insurance company wants to make an offer of settlement which includes attorney's fees, it should do so.
377 So.2d at 1011 (emphasis original). However, in Wisconsin Life Ins. Co. v. Sills, 368 So.2d 920, 922 (Fla. 1st DCA), cert. dismissed, 373 So.2d 461 (Fla. 1979), the court said:
We hold that the offer of judgment was effective to arrest costs as of October 31, 1977, and therefore that the insurer's liability for attorneys' fees did not accrue beyond that date. The efficacy of the offer of judgment was not lessened by its failure to include in the stated dollar sum an estimate for attorneys' fees incurred to that point, or by the insurer's failure to submit explicitly to a judgment for attorneys' fees as well as for costs. The purpose of Rule 1.442 is to encourage defendants to acquiesce in claims discovered during litigation to be meritorious and to shift to the claimant the financial burden of carrying on litigation beyond the point where an appropriate offer of judgment on the merits is made.
The terms of Rule 1.442 do not require that the defendant concede liability for attorneys' fees, either in fact or in amount. The purposes of the rule would appear to be better served by allowing attorneys' fees, like costs, to be determined by the Court independently of the merits. A defendant would require prophetic powers to estimate the amount of fees to be awarded for his adversary's services. Moreover, an insurer defendant who correctly estimates and offers to concede its liability for the benefit in issue should not be required to acquiesce also in liability for attorneys' fees accrued to the date of the offer of judgment or else incur continuing liability for still more fees. Rule 1.442 permits the defendant both to settle on the merits and to contest all costs, including attorneys' fees. See Hernandez v. Travelers Ins. Co., 331 So.2d 329 (Fla. 3d DCA 1976).
Although our sister court stated in the Wisconsin Life Insurance Company case that it is unnecessary to a valid offer of judgment that the offeror tender costs, there is authority to the contrary, Scheriff v. Beck, 452 F. Supp. 1254 (D.Colo. 1978). See 12 C. Wright & A. Miller, Federal Practice and Procedure § 3002, at 57 (1973), which makes the following statement with respect to the offer:
It must be unconditional and must include `costs then accrued'.
Attorneys fees are not taxable costs under Florida Rule of Civil Procedure 1.442. Insurance Co. of N. Am. v. Twitty, 319 So.2d 141 (Fla. 4th DCA 1975), cert. denied, 330 So.2d 22 (Fla. 1976). Accord Greenwood v. Stevenson, 88 F.R.D. 225 (D.R.I. 1980); cf. Waters v. Heublein, Inc., 485 F. Supp. 110 (N.D.Cal. 1979), and Scheriff v. Beck.
The assessment of post-offer costs is mandatory if the judgment is not more favorable than the unaccepted offer. Santiesteban v. McGrath, 320 So.2d 476 (Fla. 3d DCA 1975).