476 So.2d 758 (1985)
Richard B. GEORGE and Myrna Y. George, His Wife, Appellants,
v.
Glenn E. NORTHCRAFT and Donna L. Northcraft, His Wife, Appellees.
No. 84-1840.
District Court of Appeal of Florida, Fifth District.
October 10, 1985.
Jack A. Kirschenbaum and Harry C. Greenfield of Wolfe, Kirschenbaum & Mosley, P.A., Cocoa Beach, for appellants.
Jere E. Lober, Merritt Island, for appellee.
SHARP, Judge.
Richard and Myrna George appeal from a judgment which denied them an award of attorney's fees. The Georges sued Glenn and Donna Northcraft for breach of contract relating to their sale of a house to the Georges. The Northcrafts made a $5,000.00 offer of judgment pursuant to Florida Rule of Civil Procedure 1.442,[1] which failed to specify any sum for attorney's fees, nor did it contain any provision seeking to reserve such rights. The offer was accepted by the Georges, and their *759 subsequent motion for an award of attorney's fees pursuant to the contract[2] was denied by the trial court. We affirm.
We agree with out sister court's holding in River Road Construction Company v. Ring Power Corp., 454 So.2d 38 (Fla. 1st DCA 1984). A party who accepts an offer of judgment may be a "prevailing party" pursuant to Rule 1.442, and entitled to recover attorney's fees accruing prior to the offer.[3] However, the award of attorney's fees allowable pursuant to a contract right is an unliquidated[4] and integral part of the damages stemming from the suit on the contract.[5] As such they are not "incidental" to the cause of action, like costs.
We think the right to an award of attorney's fees pursuant to a provision in a contract is encompassed in an offer of judgment made pursuant to Rule 1.442 which fails to mention them specifically or reserve a right to seek them later. Accordingly, the trial court ruling in this case is
AFFIRMED.
DAUKSCH and UPCHURCH, JJ., concur.
NOTES
[1] Rule 1.442 provides:

At any time more than ten days before the trial begins a party defending against a claim may serve an offer on the adverse party to allow judgment to be taken against him for the money or property or to the effect specified in his offer with costs then accrued. An offer of judgment shall not be filed unless accepted or until final judgment is rendered. If the adverse party serves written notice that the offer is accepted within ten days after service of it, either party may then file the offer and notice of acceptance with proof of service and thereupon the court shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence of it is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the adverse party is not more favorable than the offer, he must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer. When the liability of one party to another has been determined by further proceedings, the party adjudged liable may make an offer before trial if it is served within a reasonable time, not less than ten days, before beginning of the hearing or trial to determine the amount of extent of liability. This rule shall not apply to actions or matters related to dissolution of marriage, alimony, nonsupport or child custody.
[2] The contract provided typically that the "prevailing party" was entitled to a "reasonable attorney's fee and costs" in any litigation growing out of the contract.
[3] See Wimbledon Townhouse Condo I Association v. Kessler, 425 So.2d 29 (Fla. 4th DCA 1982).
[4] B/G Amusements, Inc. v. Mystery Fun House Inc., 381 So.2d 318 (Fla. 5th DCA 1980).
[5] Lhamon v. Retail Development, Inc., 422 So.2d 993 (Fla. 5th DCA 1982).