HERSEY, Chief Judge.
Appellant, a condominium association, seeks attorney’s fees incurred in its litigation to compel appellees, unit owners, to refrain from certain conduct. The order of which appellant complains, limits the associations’ recovery to fees accrued prior to an offer of judgment. The offer did not mention costs or attorney’s fees. Final judgment entered after hearing (the offer having been rejected), provided that appellant “is entitled to an award of costs and reasonable attorney’s fees.”
The issue is whether the final judgment, reciting an entitlement to attorney’s fees, is more favorable than the offer, silent as to fees, within the contemplation of rule 1.442, Florida Rules of Civil Procedure (1985).
On facts similar to those present in this case, with one important distinction, this court held, in Wimbledon Townhouse Condominium I Association v. Kessler, 425 So.2d 29, 31 (Fla. 4th DCA 1982), that an offer which omitted any reference to attorney’s fees was not rendered less favorable than an ultimate judgment because “[t]he association still would have been entitled to pre-offer attorney’s fees upon acceptance of the offer because it would have been the prevailing party, placing it within the scope of section 718.303(1), Florida Statutes (1979).” The distinction, as noted in a footnote in Wimbledon, is “whether an offer that does not include pre-offer attorney’s fees should be considered as less favorable ... than an ultimate judgment, which does include pre-offer attorney’s fees.” Id. at 81 n. 3. In Wimbledon the final judgment was silent as to attorney’s fees. In the present case the entitlement to fees is an explicit provision of the judgment. The question is whether this makes a difference. Authorities on both sides of the issue are collected in Wimbledon.
We adopt the view that, if the offer of judgment is silent on the issue of attorney’s fees, then it is immaterial in making the quantitative comparison required for the application of rule 1.442, whether the final judgment does or does not provide for attorney’s fees. This follows from the proposition that where the offer is silent, entitlement to attorney’s fees is to be determined by the court independently of the merits and, in fact, the offeror may contest attorney’s fees as vigorously after acceptance of an offer of judgment as in any other case. See Wisconsin Life Insurance Co. v. Sills, 368 So.2d 920, 922 (Fla. 1st DCA), dismissed, 373 So.2d 461 (Fla.1979). The converse of this proposition is also true. Acceptance of an offer of judgment silent as to fees does not preclude the party so accepting from pursuing his statutory or other entitlement to fees. See Parliament Insurance Co. v. That Girl In Miami, Inc., 377 So.2d 1011 (Fla. 3d DCA 1979), the court stating that had the insurance company intended to avoid or limit their obligation to pay attorney’s fees under an applicable statute, then the offer of judgment tendered by it and accepted by the insured should have said so.
AFFIRMED.
ANSTEAD and STONE, JJ„ concur.