527 So.2d 930 (1988)
Sheikh AHMED, Appellant,
v.
LANE PONTIAC-BUICK, INC., Etc., et al., Appellees.
No. 87-2176.
District Court of Appeal of Florida, Fifth District.
June 30, 1988.
Wayne T. Allen, Melbourne, for appellant.
T.M. Barlow of Gleason, Barlow & Evander, P.A., Indialantic, for appellee Lane Pontiac-Buick, Inc.
Janet DeLaura Harrison of Smalbein, Eubank, Johnson, Rosier & Bussey, P.A., Rockledge, for appellee Allstate Ins. Co.
COBB, Judge.
Ahmed filed a multi-count complaint against Lane Pontiac-Buick, Inc. and Allstate Insurance Company. Of the three counts against Lane, only the count for civil theft sought attorney fees, pursuant to section 812.014, Florida Statutes (1985). Only one of the two counts against Allstate sought the recovery of statutory attorney fees.
Ahmed accepted offers of judgment from both Lane and Allstate, neither of which specifically provided for attorney fees. Ahmed subsequently filed motions for attorney fees against both defendants, contending that the fees were not encompassed within the offer of judgment. Ahmed claimed he was entitled to fees since he was the prevailing party and at least one count against each defendant provided for the award of fees. The trial court disagreed and denied Ahmed's motions, noting that there had been no court ruling as to the validity of the causes of action against either defendant under which the plaintiff sought statutory attorney fees. Therefore, the court, relying on Encompass Incorporated v. Alford, 444 So.2d 1085 (Fla. 1st DCA), petition for review denied, 453 So.2d 43 (Fla. 1984), found that it could not be said that Ahmed was the prevailing party on those counts.
In Encompass, a settlement offer disposed of a mechanic's lien foreclosure and a claim for breach of contract. There was no mention of attorney fees in the offer of judgment. The First District found that the acceptance of the offer resulted in a standard money judgment, not an enforcement of the lien. Therefore, utilizing a strict construction approach to an attorney fee statute in derogation of the common *931 law, the court found that the plaintiff should not be regarded as the prevailing party on the mechanic's lien action and thus, was not entitled to fees.
The trial court's denial of attorney fees sought via a post-settlement motion was affirmed in George v. Northcraft, 476 So.2d 758 (Fla. 5th DCA 1985). In George, this court held that the right to an award of attorney fees pursuant to a contractual provision was encompassed in an offer of judgment made pursuant to Florida Rule of Civil Procedure 1.442 even though the offer neither mentioned them specifically nor reserved the right to seek them later.
We believe the analysis utilized in George is applicable to the instant case even though the fee at issue here is predicated upon statute rather than contract. The crux of the matter is not the basis for the attorney fee claim, or a determination of the "prevailing party," but rather the organic right of parties to contract a settlement, which by definition concludes all claims unless the contract of settlement specifies otherwise. No legislation or procedural rule can impair such a contract. U.S. Const., art. I, § 10.
In short, we agree with the determination of the trial court. When Ahmed's claims against Lane and Allstate were settled, there was no prevailing party. That is the purpose of a settlement  to prevent the adverse party from prevailing. The obvious purpose of the settlement offers was just that: to terminate the cases and all the claims they entailed, for the specified sum of $1,001.00 (with accrued costs) against each defendant. Not for $1001.00 now and some unspecified amount of attorney fees at a later date.[1]
AFFIRMED.
SHARP, C.J., and COWART, J., concur.
NOTES
[1] We certify this case is in direct conflict with Parliament Ins. Co. v. That Girl in Miami, Inc., 377 So.2d 1011 (Fla. 3d DCA 1979).