SHIVERS, Judge.
Appellant seeks review of a trial court order awarding $43,750 in attorney fees pursuant to entry of a $75,000 consent judgment. The consent judgment was entered after a 1986 offer of judgment. The issues on appeal are (1) whether appellee was entitled to attorney fees under Section 768.56, Florida Statutes, when the statute had been repealed by the time the offer of judgment was made, (2) whether appellee was a prevailing party within the meaning of the statute, and (3) whether appellee was entitled to attorney fees when the offer of judgment did not provide for them and the statute did not define them as costs. We affirm the trial court on all issues.
Section 768.56, Florida Statutes (1983), which was repealed in 1985, provided for prevailing party attorney fees in medical malpractice cases. In Young v. Alten-haus, 472 So.2d 1152 (Fla.1985), the Supreme Court held that the statute created a substantive right to fees. See also Neviaser v. Stone, 510 So.2d 636 (Fla. 3d DCA 1987); Umbel v. Upadhyaya, 508 So.2d 32 (Fla. 2d DCA 1987); Liebeler v. Zimmerman, 513 So.2d 1310 (Fla. 2d DCA 1987). In the case sub judice; the cause of action arose in 1983. Suit was filed in August 1984. Although we have considered appellant’s contrary argument, we are persuaded that the Supreme Court’s reasoning in Altenhaus remains applicable. There, the cause of action arose before the statute was enacted. The court held that the right to enforce the cause of action vested when the tort occurred and at that time neither party was statutorily responsible for paying the other side’s attorney fees. Enactment of the statute created a new obligation or duty because it required a loser to pay fees he was not liable for when the cause of action accrued. The Florida Supreme Court concluded that a prevailing party is not entitled to a fee award where the cause of action accrued before the statute allowing such a fee award took effect.
We conclude that the prevailing party’s right to attorney fees vests when the *344 cause of action accrues. Appellee Walsh as the prevailing party is entitled to the award of attorney fees under section 768.-56, Florida Statutes (1983), which was in effect when her cause of action accrued.
The Third District construed Section 768.56, Florida Statutes, in Simmons v. Schimmel, 476 So.2d 1342, 1344 (Fla. 3d DCA 1985), and held that the prevailing party was the one “ultimately prevailing when the matter is finally set at rest, ... the party who has made a claim against the other [and] has successfully maintained it.” The record reflects that the instant consent judgment was entered in plaintiffs favor for $75,000. This court has held that a consent judgment’s purpose is to encourage a defendant “to acquiesce in claims discovered during litigation to be meritorious.” Wisconsin Life Insurance Company v. Sills, 368 So.2d 920, 922 (Fla. 1st DCA 1979). Appellant’s offer was substantial, and appellee prevailed on her claim when the final judgment ratified her acceptance of the offer. Although appellant argues that an offer of judgment is actually a contract and is therefore governed by the language contained in the offer, appel-lee did not seek and win attorney fees due to a contractual agreement. Appellee was entitled to fees as a matter of law due to the operation of a statute and appellant did not have the power to foreclose appellee’s rights merely by making no reference to them in his offer.
We held in Encompass Incorporated v. Alford, 444 So.2d 1085, 1086 (Fla. 1st DCA 1984), that “unless the offer and acceptance affirmatively indicate that the amount specified in the offer is to include attorney’s fees, the plaintiff, by accepting the offer, is not precluded from seeking attorneys fees to which he may be entitled by statute.” Although that case was decided under the mechanics’ lien statute and that statute provides that attorney fees are a part of costs, the decision was not based on that distinction. See also Parliament Insurance Company v. That Girl In Miami, Inc., 377 So.2d 1011 (Fla. 3d DCA 1979), which was cited in Encompass and held that if a litigant “wants to make an offer of settlement which includes attorney’s fees, it should do so.” We conclude that an offer of judgment means an offer to have the court enter a judgment for damages sought by the complaint and does not include costs or attorney fees unless specified.
Accordingly, the judgment below is affirmed.
AFFIRMED.
WIGGINTON and ZEHMER, JJ., concur.