BARFIELD, Judge.
Emma Mort[1] appeals from an order denying her motion for assessment and award for statutory attorney’s fees. The issue is whether appellee’s offer of judgment, omitting any reference to attorney’s fees, precluded a subsequent award of statutorily authorized fees. We hold that it does not and reverse and remand for assessment and award of the fees.
Appellant’s final amended complaint consisted of three counts, two for compensatory damages based upon negligence theories, and one for compensatory and punitive damages, attorneys fees and costs based upon appellee’s violation of appellant’s rights guaranteed under sections 400.022 and 400.023, Fla.Stat. (1983).[2] Ap-pellee tendered an offer of judgment pursuant to Fla.R.Civ.P. 1.442 (1988) in the amount of $40,000.00 plus costs accrued to date, which appellant timely accepted. Appellant filed a motion for assessment and award of attorney’s fees asserting that she was a prevailing party under section 400.-023. The trial court denied the motion on the authority of Encompass, Inc. v. Alford, 444 So.2d 1085 (Fla. 1st DCA 1984), rev. den. 453 So.2d 43 (Fla.1984) in which this court held that although an offer of judgment, silent as to attorney’s fees, does not preclude subsequent recovery of statutorily authorized fees, the plaintiff/offeree was not a prevailing party under that statute, and fees were properly denied.[3] Like *204 wise, in the instant case, the trial court found that appellant was not a prevailing party under section 400.023 because the count alleging violation of that statute was one of three counts alleged, the other two charging negligence. The trial court entered a final judgment in favor of appellant and against appellee in the amount of $40,-000.00 plus $1,400 in costs.
The purpose of rule 1.442 is “to encourage defendants to acquiesce in claims discovered during litigation to be meritorious and to shift to the claimant the financial burden of carrying on litigation beyond the point where an appropriate offer of judgment on the merits is made.” Wisconsin Life Ins. Co. v. Sills, 368 So.2d 920, 922 (Fla. 1st DCA 1979), dism. 373 So.2d 461 (Fla.1979). However, this does not mean that the party offering judgment acquiesced to liability for attorney’s fees which, like costs, are determined by the court independently of the merits. Id; Accord Parliament Ins. Co. v. That Girl In Miami, 377 So.2d 1011 (Fla. 3d DCA 1979);[4] But see, Ahmed v. Lane Pontiac-Buick, Inc., 527 So.2d 930 (Fla. 5th DCA 1988) (the purpose of a settlement is to prevent the adverse party from prevailing and to terminate the case for a specified sum now and not for some unspecified amount of attorney’s fees later).[5]
Recently, this court in Godbey v. Walsh, 530 So.2d 343 (Fla. 1st DCA 1988) squarely addressed the interplay of a rule 1.442 judgment and a statute authorizing attorney’s fees to a prevailing party. In a medical malpractice suit the plaintiff had accepted the defendant’s offer of judgment which did not provide for attorney’s fees and then sought a fee award pursuant to § 768.56, Fla.Stat. (1983), which the trial court granted pursuant to entry of a consent judgment. Stating that the plaintiff “prevailed on her claim when the final judgment ratified her acceptance of the offer,” we affirmed her entitlement to fees “as a matter of law due to the operation of the statute,” and held that the defendant could not prevent recovery of fees by merely omitting reference to them in his offer of judgment. 530 So.2d at 344. Citing favorably to Encompass, we noted that it involved the mechanic’s lien statute which authorized fees as a part of costs, but this court did not decide that case on that basis. Id. We concluded, in Godbey, that “an offer of judgment means an offer to have the court enter a judgment for damages sought by the complaint and does not include costs or attorney fees unless specified.” Id.
While adhering to the legal analysis in Encompass we distinguish it from the instant case because it clearly contemplates a multi-count complaint which seeks different forms of relief while appellant’s complaint sought money damages in each of its 3 counts and the offer of judgment resulted in a standard money judgment on all three counts. The trial court erred in not recognizing this distinction as the basis for the holding in Encompass. By denying fees the trial court defeated the purpose and intent of rule 1.442 as interpreted by this court in Wisconsin Life Ins. Co. v. Sills and Godbey v. Walsh. In doing so we *205 certify conflict with Ahmed v. Lane-Buick, Inc., 527 So.2d 930 (Fla. 5th DCA 1988).
Accordingly, we REVERSE and REMAND for assessment and award of attorney’s fees.
JOANOS and WIGGINTON, JJ., concur.

. Emma Mort died prior to filing her final amended complaint due to causes unrelated to this case and her personal representative, Mr. Larry Hoak, was substituted as plaintiff. However, the style of the case was never changed.

. Section 400.023 provides that a nursing home resident may maintain a cause of action to enforce rights guaranteed under section 400.022 and to recover actual and punitive damages for any deprivation or infringement of those rights. If the resident prevails she is entitled to receive reasonable attorney’s fees, costs and damages. Prevailing defendants are entitled to recover reasonable attorney’s fees pursuant to section 57.105.

.In its complaint Encompass sought foreclosure of a mechanic’s lien and requested in the alternative damages for breach of a construction contract and equitable relief. This court, strictly construing the mechanic’s lien statute which authorized fees to the prevailing party, found that the acceptance of the offer of *204 judgment resulted in a standard money judgment. Thus, the court refused to presume that Encompass prevailed on its mechanic’s lien theory. 444 So.2d at 1087.

. In Parliament Ins. Co., an insurance company failed to include attorney's fees in its offer of judgment which was accepted by the insured and incorporated in the final judgment. The Third District Court of Appeal affirmed an award of statutory fees to the insured, stating that the effect of the judgment was res adjudica-ta on the issues, and also stating that "[i]f an insurance company wants to make an offer of settlement which includes attorney’s fees, it should do so.” 377 So.2d 1011.

. In Ahmed, the plaintiff filed a multi-count complaint alleging in two counts statutory authority for an award of attorney’s fees. The plaintiff accepted offers of judgment from the defendants, but his petition for statutory fees was denied on the authority of Encompass, because there had been no ruling that plaintiff prevailed on the statutory causes of action. The appellate court agreed, analogizing contractual fee awards, and stating that "[t]he crux of the matter is not the basis for the attorney fee claim, or a determination of the ‘prevailing party’ but rather the organic right of parties to contract a settlement, which by definition concludes all claims unless the contract of settlement specifies otherwise.” 527 So.2d at 931. The court also certified conflict with Parliament Ins. Co.