PER CURIAM.
Ronald Levitt Associates, Inc. brought this action for breach of contract against International Image Makers, Inc. alleging that it was a Florida corporation. International Image Makers, Inc. did not raise the defense that it was an improper party by motion or by answer. Ultimately International Image Makers, Inc. made an offer for the plaintiff to take an agreed judgment against “International Image Makers, Inc., a Utah corporation.” The final judgment was entered against International Image Makers, Inc. without indicating the place of incorporation. There was no effort made to vacate, modify, or amend that final judgment and no appeal was taken from it. Plaintiff then filed and served a motion for garnishment after judgment against Tucker State Bank, which filed an answer admitting that it had on deposit funds belonging to the account of International Image Makers, Inc., a Florida corporation. It was then for the first time that International Image Makers, Inc., a Florida corporation, filed a motion to dissolve the garnishment on the basis that it was error to enter final judgment of garnishment because the final judgment entered on the parties’ offer and acceptance should have only authorized the judgment against the Utah corporation. The motion to dissolve was denied and a final judgment in garnishment entered from which International Image Makers, Inc. appeals.
*266 Appellant cites Ahmed v. Lane Pontiac-Buick, Inc., 527 So.2d 930 (Fla. 5th DCA 1988) for the proposition that the trial court could not impair the settlement as agreed to by the parties. The Ahmed decision, however, has no application to the resolution of the present controversy. Here, there was never a defense raised that the wrong corporation had been sued. There was no motion to alter or vacate the final judgment and no appeal taken. Consequently, the final judgment crystallized into finality. See Conner v. Northeastern Int’l Airways, Inc., 543 So.2d 397 (Fla. 4th DCA 1989); Hamilton v. Hanks, 309 So.2d 229 (Fla. 4th DCA 1975); see also Wagner v. Bieley, Wagner & Assoc., Inc., 263 So.2d 1 (Fla.1972). Hence, no defense has been raised to the action against International Image Makers, Inc., a Florida corporation, and the answer of the garnishee admitted it had funds on deposit belonging to the Florida corporation. Thus, the attempt to raise the claim was untimely and unavailing. The trial court properly construed the final judgment against International Image Makers, Inc. as being against a Florida corporation based on the allegations of the complaint and the failure of the corporation to raise its defense until the time of the garnishment proceedings.
Affirmed.