553 So.2d 159 (1989)
UNICARE HEALTH FACILITIES, INC., Etc., Petitioner,
v.
Emma M. MORT, Respondent.
No. 73638.
Supreme Court of Florida.
November 2, 1989.
Rehearing Denied December 19, 1989.
Nolan S. Winn of Webb, Swain & O'Quinn, P.A., Jacksonville, for petitioner.
Charles M. Johnston of Taylor, Day & Rio, Jacksonville, for respondent.
BARKETT, Justice.
We have for review Mort v. Unicare Health Facilities, Inc., 537 So.2d 203 (Fla. 1st DCA 1989), in which the court certified conflict with Ahmed v. Lane Pontiac-Buick, Inc., 527 So.2d 930 (Fla. 5th DCA 1988). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
The issue in this case is whether acceptance of an offer of judgment, which was silent as to attorney's fees, terminated the litigation and bound the parties to the terms of the offer, thereby foreclosing postjudgment recovery of statutory attorney's fees.
Emma M. Mort filed suit in the Circuit Court, Fourth Judicial Circuit, against Unicare Health Facilities, Inc., d/b/a Arlington Manor Care Center, on June 24, 1985. She sought damages for a fractured leg that she allegedly suffered during her residency at the Arlington Manor Care Center, a nursing home for the aged. After she filed suit, Emma M. Mort died of causes unrelated to this litigation. On December 1, 1986, Larry Hoak was substituted for *160 Emma M. Mort as personal representative of her estate.[1]
Following several motions to dismiss and strike, Hoak filed an amended third amended complaint on February 5, 1987. Count one sought compensatory damages and costs based on the negligence theory of res ipsa loquitur; count two sought compensatory damages, punitive damages, and costs, based upon alleged intentional, grossly negligent, or negligent, acts of the nursing home staff; and count three sought compensatory damages, punitive damages, costs, and attorney's fees, based upon Unicare's alleged violation of sections 400.022-400.023 of the Florida Statutes (1983).[2] Unicare denied all of the allegations and rights to which Hoak claimed the estate was entitled, including attorney's fees.
The parties engaged in various settlement discussions before trial was to take place. On January 29, 1988, Unicare made an offer of judgment pursuant to Florida Rule of Civil Procedure 1.442. Rule 1.442 provides in pertinent part that
a party defending against a claim may serve an offer on the adverse party to allow judgment to be taken against him for the money or property or to the effect specified in his offer with costs then accrued.
Unicare offered to allow judgment to be taken against it in the amount of $40,000, plus costs accrued to the date of service of the offer. The offer said nothing about the merits of the claims, nor did it specify judgment as to any particular count in the complaint. On February 3, the parties filed a pretrial stipulation in which they agreed that all questions of liability were unresolved and would be left to a jury, and that the attorney's fees issue would be postponed until after trial. One day later, Hoak filed his acceptance of Unicare's offer of judgment. Then, on February 10, Hoak filed a motion for assessment and award of attorney's fees pursuant to section 400.023, along with an affidavit of Hoak's attorney who claimed an entitlement to fees for 147 hours of legal services. Section 400.023 provides in pertinent part that
[a]ny plaintiff who prevails in any such action [for violation of section 400.022] may be entitled to recover reasonable attorney's fees, costs of the action, and damages, unless the court finds that the plaintiff has acted in bad faith, with malicious purpose, and that there was a complete absence of a justiciable issue of either law or fact.
On April 8, the trial court issued final judgment in the amount of $40,000 plus $1,400 in costs, acknowledging that a settlement had been reached, and making no reference to the merits or specific counts of the complaint. The trial court denied the motion for attorney's fees on the authority of Encompass Inc. v. Alford, 444 So.2d 1085 (Fla. 1st DCA), review denied, 453 So.2d 43 (Fla. 1984), and "because the record does not establish that Plaintiff was a prevailing party in an action brought pursuant to Chapter 400, Florida Statutes." The trial court noted that the statutory claim, which would have supported the attorney's fees, was asserted only in the third count of a three-count complaint.
Hoak appealed the trial court's denial of attorney's fees. The First District Court of Appeal reversed, directing the trial court to assess attorney's fees, and certified conflict with Ahmed.
Unicare's argument is twofold. First, it suggests that acceptance of an offer of judgment forms a contract that settles all claims unless the language of the contract specifies otherwise. Second, Unicare contends that Hoak accepted an offer of judgment settling a three-count complaint, only one count of which claimed statutory attorney's fees. Since the settlement did not address the merits of any particular count, Hoak cannot fairly be said to be a "prevailing *161 party" in the third count under sections 400.022-400.023.
In response, Hoak argues that a litigant's right to statutory attorney's fees typically is determined after entry of final judgment, and therefore he should not be precluded from recovery simply because the final judgment resulted from acceptance of an offer of judgment. Moreover, since all three counts sought money damages, the judgment awarding money damages constituted a judgment on all three counts of the amended third amended complaint. Therefore, Hoak contends, he prevailed on count three and is eligible to recover attorney's fees pursuant to sections 400.022-400.023.
To resolve the conflict, we must determine whether the offer of judgment effectively terminated the litigation and precluded Hoak's motion for statutory attorney's fees. If it did not preclude an award of statutory attorney's fees, we would then have to consider whether Hoak was a "prevailing party" within the meaning of section 400.023.
We first look to the purpose of rule 1.442, which was implemented solely to encourage settlements in order to eliminate trials if possible. Cheek v. McGowan Elec. Supply Co., 511 So.2d 977, 981 (Fla. 1987). The clear intent of the underlying policy of the rule was to terminate all claims, end disputes, and obviate the need for further intervention of the judicial process. Thus, we find that the better application of the rules under these circumstances is that articulated by the Fifth District Court of Appeal in Ahmed and George v. Northcraft, 476 So.2d 758 (Fla. 5th DCA 1985). There is an "organic right of parties to contract a settlement, which by definition concludes all claims unless the contract of settlement specifies otherwise." Ahmed, 527 So.2d at 931.
We are not persuaded by Hoak's argument that entitlement to statutory fees is "a matter of law due to the operation of a statute," Godbey v. Walsh, 530 So.2d 343, 344 (Fla. 1st DCA 1988), and that the settlement agreement gave Unicare no power to foreclose that statutory right. See id.; Mort, 537 So.2d at 204; Encompass Inc., 444 So.2d at 1086-87; Parliament Ins. Co. v. That Girl in Miami, Inc., 377 So.2d 1011 (Fla. 3d DCA 1979); Wisconsin Life Ins. Co. v. Sills, 368 So.2d 920, 922 (Fla. 1st DCA), dismissed, 373 So.2d 461 (Fla. 1979); Hernandez v. Travelers Ins. Co., 331 So.2d 329, 331 (Fla. 3d DCA 1976). The attorney's fees provision of section 400.023 is merely a statutory right to seek fees. Clearly, statutory rights can be waived.
Because we hold that accepting the offer of judgment effectively terminated the litigation and precluded Hoak from moving for postjudgment statutory attorney's fees, we need not determine whether Hoak was a "prevailing party" within the meaning of sections 400.022-400.023. We quash the opinion below and remand with instructions to reinstate the order of the circuit court.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, GRIMES and KOGAN, JJ., concur.
NOTES
[1] Even though Larry Hoak was substituted as plaintiff, the style of this case has never changed.
[2] Section 400.022, Florida Statutes (1983), provides a series of rights for residents of licensed nursing homes. Section 400.023, Florida Statutes (1983), provides for civil enforcement to remedy violations of those rights.