GUNTHER, Judge.
Liberty Mutual Fire Insurance Company (Liberty Mutual) appeals a final judgment entered by the trial court after it granted Susan Ramos’ motion to compel settlement made pursuant to § 45.061, offer of settlement, Florida Statutes (1987). The judgment awards Susan Ramos (Ramos) the policy limits covering Liberty Mutual’s insured, Antonia Rosa (Rosa) as well as an amount for attorney’s fees in addition to the policy limits. Liberty Mutual agrees that the case was settled for the policy limits, but disagrees that Ramos is entitled to the entry of a final judgment for either the policy limits or for an additional amount for attorney’s fees.
This dispute arose as a result of Ramos being shot by Rosa, an insured of Liberty Mutual. Liberty Mutual filed a declaratory judgment action against Rosa and Ramos, the third party tort claimant seeking to clarify whether the shooting of Ramos by Rosa constituted an act covered by the Liberty Mutual policy issued to Rosa. Ramos counterclaimed seeking a declaration that Liberty Mutual was responsible for her damages caused by Rosa.
In a separate action, Ramos sued Rosa for negligence. Liberty Mutual provided Rosa with counsel to defend her in the negligence action. However, Rosa discharged the counsel and hired separate counsel. Ramos and Rosa then reached an agreement stipulating to the entry of a judgment against Rosa and assigning Rosa’s rights and claims under her Liberty Mutual policy to Ramos. Liberty Mutual did not participate in this stipulation and assignment, nor were they asked to do so.
Based on the assignment to Ramos of Rosa’s rights and claims under her Liberty Mutual policy, Ramos amended her counterclaim to this action of Liberty Mutual's for declaratory relief to include additional claims for bad faith and breach of contract. In the amended counterclaim, Ramos specially requested attorney’s fees and costs incurred by her both before and after the assignment of Rosa’s rights and claims against Liberty Mutual.
Ramos next sent Liberty Mutual a letter making an offer of settlement pursuant to § 45.061, Florida Statutes (Supp.1989), for the limits of the policy covering their insured, Rosa. Liberty Mutual responded in writing stating that in exchange for a duly executed complete release and hold harmless agreement from Ramos, they would accept Ramos’ offer of settlement for the policy limits. Neither Ramos nor Liberty Mutual specifically mentioned attorney’s fees or costs during the settlement negotiations or in the offer of settlement or acceptance.
By return letter, Ramos stated that the case was settled pursuant to § 45.061, Florida Statutes (1987). Enclosed with the letter was a proposed agreed judgment against Liberty Mutual and a satisfaction of judgment. However, Ramos did not enclose a duly executed complete release and hold harmless agreement. By return correspondence, Liberty Mutual reminded Ramos that, in exchange for a duly executed complete release and hold harmless agreement from Ramos, Liberty Mutual had not agreed to the entry of a judgment against it, but only had agreed to pay the limits of the policy covering Rosa. According to Liberty Mutual, the agreement to pay the policy limits constituted a settlement of the entire litigation inclusive of any attorney’s fees and costs.
When Ramos’ attorney refused to agree with Liberty Mutual’s position on his attorney’s fees, Liberty Mutual filed a motion to compel settlement but subsequently withdrew the motion before a hearing was held. Ramos then filed a motion to compel settlement and entry of judgment for the policy limits plus attorney’s fees and costs which was granted by the trial court. It is from this final judgment that Liberty Mutual appeals, asserting that the trial court erred in awarding Ramos an additional amount for attorney’s fees, as well as the policy limits.
*800 One issue presented is whether attorney’s fees were necessarily included in the amount demanded by Ramos pursuant to an offer of settlement, § 45.061 Florida Statutes. Although the instant case involves an offer of settlement rather than an offer of judgment, guidance for resolving this case can be found in Unicare Health Facilities, Inc. v. Mort, 553 So.2d 159 (Fla.1989). In that case, the supreme court considered a settlement offer made pursuant to an offer of judgment, Fla.R. Civ.P. 1.442. In Unicare, the supreme court stated:
The clear intent of the underlying policy of the rule was to terminate all claims, end disputes and obviate the need for further intervention of the judicial process.
In our view, the intent of the underlying policy of § 45.061, Florida Statutes (1987), is likewise to terminate all claims, end disputes and obviate the need for further intervention of the judicial process. Thus, when Ramos made the offer of settlement for the policy limits, the amount of money demanded necessarily included attorney’s fees. If it were otherwise, the claims would not be terminated, the disputes would not be at an end, and the judicial process would be needed to intervene to resolve the disputed amount of attorney’s fees. Clearly, the intent of § 45.061, Florida Statutes would be thwarted by the necessity of additional hearings to resolve the disputed amount of attorney’s fees. Since we conclude that Ramos’ offer of settlement for the policy limits was inclusive of attorney’s fees, we reverse the trial court’s award to Ramos of an amount for attorney’s fees that is in addition to the policy limits.
Another issue presented is whether the trial court was authorized by § 45.061(3)(a), Florida Statutes (1987), to award Ramos attorney’s fees incurred in pursuing the motion to compel settlement against Liberty Mutual. Contrary to Ramos’ contention, § 45.061(3)(a), Florida Statutes does not authorize the award of attorney fees under the circumstances of this case. § 45.061(3)(a), Fla.Stat. provides, in pertinent part, that:
(3)In determining the amount of any sanction to be imposed under this section, the court shall award:
(a) the amount of the parties’ costs and expenses, including reasonable attorney’s fees, investigative 'expenses, expert witness fees and other expenses which relate to the preparation for trial, incurred after the making of the offer of settlement, (emphasis added)
45.061(3)(a), Florida Statutes.
Even if Ramos had been justified in refusing to accept the policy limits and in petitioning the court to compel settlement, it is clear from reading the statute that attorney’s fees can be awarded only if they relate to the preparation for trial incurred after the making of the offer of settlement. In the instant case, the attorney’s fees incurred by Ramos did not relate to the preparation for trial but instead related to her unjustified attempt to compel settlement on her terms. Thus, the trial court erred in awarding Ramos attorney’s fees for attempting to compel settlement.
In conclusion, we agree with Liberty Mutual’s assertion that the trial court erred in entering a judgment against Liberty Mutual for the policy limits and in awarding the additional sum for attorney’s fees. Since attorney’s fees were necessarily included in the offer of settlement for the policy limits as demanded by Ramos and accepted by Liberty Mutual pursuant to § 45.061, Florida Statutes, we conclude that Ramos was not justified in demanding an additional sum for attorney’s fees and in refusing to accept the policy limits as a complete settlement of all claims. Furthermore, Liberty Mutual in accepting Ramos’ offer of settlement never agreed to the entry of a judgment against it. Thus, Ramos was neither justified in refusing to accept the policy limits as settlement of the case nor entitled to the entry of a final judgment against Liberty Mutual. Moreover, because the attorney’s fees awarded Ramos for pursuing the motion to compel settlement are not authorized by § 45.061(3)(a), the trial court erred in awarding them. Accordingly, we *801 reverse the final judgment against Liberty Mutual for the policy limits and for attorney’s fees incurred before and after the offer of settlement. We remand to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
GARRETT, J., concurs.
POLEN, J., concurring specially with opinion.
POLEN, Judge,
concurring specially.
In this case it appears that appellee Ramos, as assignee of the insured, Antonia Rosa, under a policy issued by appellant Liberty Mutual Fire Insurance Company (Liberty) reached a settlement agreement pursuant to the provisions of section 45.-061, Florida Statutes (1987), for the “policy limits.” Nothing was mentioned in the initial exchange of correspondence that led to the settlement, whereby appellee would be seeking an award of attorney’s fees above and beyond the policy limits, whether under the provisions of section 627.428, section 45.061, or otherwise.
I agree with the majority that under the supreme court’s holding in Unicare Health Facilities, Inc. v. Mort, 553 So.2d 159 (Fla.1989), under this offer and acceptance of a settlement scenario, the plaintiff could not then turn around and say, “In addition to our agreed-upon settlement, we are also claiming attorney’s fees.”
However, in this case, the matter went beyond the making of an offer, and acceptance and a settlement concluded. Regardless of which party was acting improperly, the purported settlement was not consummated, resulting in cross motions to compel settlement. Appellant Liberty first filed a motion before the trial court seeking compliance with a purported settlement, which for some reason, unclear to us, was subsequently withdrawn. Thereupon appellee Ramos filed her motion to compel settlement. The issue then became whether section 45.061(3)(a), Florida Statutes (1987), came into play so as to support an award of attorney’s fees solely for pursuing the motion to compel settlement. I must reluctantly agree with the majority that, based on the legislature’s use of the phrase “and other expenses which relate to the preparation for trial” in section 45.061(3)(a), this would preclude the award of attorney’s fees in this case. I write to express my concern that if the majority is correct in its interpretation of this statutory provision, then the statute may not accomplish all it was intended to cover. [It also suggests yet another reason why it is often improvident, if not improper, for the legislature to delve into what is arguably the rule-making authority of the supreme court. Note The Florida Bar re: Amendment, 550 So.2d 442 (Fla.1989). However, the supreme court has more than adequately covered that subject.]
The language of concern in section 45.-061(3)(a), Florida Statutes (1987), adequately addresses the scenario where an offer of settlement is rejected, and the parties proceed on to trial, with the ultimate result being one that triggers entitlement to sanctions under the statute. But what of the scenario we have here, where a purported settlement pursuant to the statute bogs down because one or both of the parties disagrees as to the precise terms of the settlement? Clearly, the parties, by mutual agreement, could back out of the settlement negotiation and proceed to the trial, triggering the scenario envisioned above. But where one of the parties files a motion to compel settlement, and where the disposition of such a motion requires an eviden-tiary hearing that could result in extensive costs and attorneys’ time, did the legislature really intend the party who is without fault to be left without a remedy?
While I join with the majority in reversing and remanding this cause insofar as the trial court sought to award attorney’s fees, I would further certify to the supreme court the following question:
WHERE PARTIES TO LITIGATION HAVE REACHED A PURPORTED SETTLEMENT PURSUANT TO THE PROVISIONS OF SECTION 45.061, FLORIDA STATUTES (1987), AND THEREAFTER THE SETTLEMENT IS NOT CONSUMMATED, CAUSING ONE *802 OR BOTH PARTIES TO MOVE THE COURT TO COMPEL COMPLIANCE WITH THE SETTLEMENT, MAY THE PARTY WHICH IS WITHOUT FAULT PROPERLY BE AWARDED ATTORNEY’S FEES AND COSTS UNDER THE PROVISION OF SECTION 45.-061(3)(a) FOR THE BRINGING AND ARGUING OF THE MOTION TO COMPEL COMPLIANCE WITH SETTLEMENT?