PER CURIAM.
We agree with appellant that the trial court erred in refusing to permit him to withdraw his acceptance of an offer of settlement. The acceptance of the offer was made prior to the Florida Supreme Court’s decision in Unicare Health Facilities, Inc. v. Mort, 553 So.2d 159 (Fla.1989). Unicare held that acceptance of an offer silent as to attorney’s fees bars any subsequent claim for fees. Previously, we had taken the contrary view in Seminole Colony, Inc. v. Stanko, 501 So.2d 195 (Fla. 4th DCA 1987). Seminole Colony was the prevailing view in this district at the time the offer was accepted. We do not resolve by this opinion whether the appellant is entitled to withdraw his acceptance of the offer on grounds of mistake. The appellant’s right to rescind is a question of fact to be determined by the trial court upon a hearing at which the court would determine not only the fact of mistake, but whether there was an inexcusable lack of due care, or a change in position by appellee that would make rescission unconscionable. See generally, BMW of North America, Inc. v. Krathen, 471 So.2d 585 (Fla. 4th DCA 1985), rev. denied, 484 So.2d 7 (Fla.1986); Maryland Casualty Co. v. Krasnek, 174 So.2d 541 (Fla.1965); Orkin Exterminating Co., Inc. v. Palm Beach Hotel Condominium Ass’n, Inc., 454 So.2d 697 (Fla. 4th DCA 1984); Pennsylvania Nat’l Mut. Casualty Ins. Co. v. Anderson, 445 So.2d 612 (Fla. 3d DCA), rev. denied, 453 So.2d 43 (Fla.1984). See also Restatement (Second) of Contracts § 151 (1982).
We reverse and remand for further proceedings consistent herewith.
GUNTHER and STONE, JJ., concur.
ANSTEAD, J., concurs in part and dissents in part with opinion.