PER CURIAM.
The Civil Procedure Rules Committee of The Florida Bar petitions this Court to consider its biennial report of proposed amendments to the Florida Rules of Civil Procedure. We have jurisdiction. See Art. V, § 2(a), Fla. Const.
Pursuant to Florida Rule of Judicial Administration 2.130(c), the Committee published the proposals for comment and also submitted the proposals to the Board of Governors of The Florida Bar for its recommendation.[1] The Board approved the proposals and the Committee then submitted the proposals to this Court. The Court also published the proposals for comment, and received seven comments. The Court has considered the comments and held oral argument on May 7, 2003.
We adopt the majority of the Committee’s proposals, with a limited number of modifications and exceptions. Further, as discussed below, we repeal rule 1.840, Judicial Waiver of Parental Notice of Abortion, and form 1.999, Petition for Judicial Waiver of Parental Notice of Abortion, effective immediately.
Rule 1.070(j), Process: Summons; Time Limit, is amended, as proposed, to clarify that when a motion for leave to amend a complaint is filed, it will include an attached amended complaint. This will promote a uniform and practical approach to the amended pleading process. Further, we modify the Committee’s proposal because the Committee inadvertently struck language from the rule specifying that the service of an amended complaint procedure applies only to new parties. See Totura & Co., Inc. v. Williams, 754 So.2d 671 (Fla.2000).
Rule 1.070(j) must be read in conjunction with rule 1.190(a), Amended and Supplemental Pleadings: Amendments, which informs parties how to amend pleadings. Therefore, to make rules 1.070(j) and 1.190(a) consistent and avoid confusion, we adopt the proposed corresponding amendment to rule 1.190(a), which requires a party that files a motion to amend a plead *1014 ing to attach the proposed amended pleading.
Rule 1.190 is also amended, as proposed, to add new subdivision (f), Claims for Punitive Damages, which states the requirements for a party moving for leave of court to amend a pleading to assert a claim for punitive damages. See Beverly Health & Rehabilitation Services, Inc. v. Meeks, 778 So.2d 322 (Fla. 2d DCA 2000); § 768.72, Fla. Stat. (2002). We modify the Committee’s proposal to delete duplicative language and to add the term “a reasonable showing” from section 768.72, Florida Statutes (2002), which governs pleading claims for punitive damages. In addition, we recognize that the proposal could present practical challenges if a party were required to submit the supporting> evidence at the same time it filed the motion to amend. Such an arrangement would require the party to complete discovery before filing the motion and seeking a date for a court hearing. This, in turn, could create delays in litigation. Therefore, we add clarifying language to the proposal to indicate that the motion to amend can be filed before the supporting evidence or proffer. However, this clarification does not alter the Committee’s intent of requiring the motion and the supporting evidence or proffer to be served on all parties at least twenty days before the hearing.
Rule 1.210(a), Parties: Parties Generally, is amended to make the rule consistent with statutory language. The amendment changes the term “executor” in the rule to “personal representative.” See § 731.201(25), Fla. Stat. (2002).
Rule 1.370(a), Requests for Admission, is amended to limit requests for admission to thirty requests absent a stipulation or court order permitting more. Therefore, even though the amendment initially limits the number of requests for admission to thirty, this is not an absolute, final number that can never be altered. The parties may voluntarily stipulate to more or a party may seek court permission for a larger number. The Committee proposed the amendment to address perceived abuses involving the use of requests for admissions. The amendment is similar to language in Florida Rule of Civil Procedure 1.340(a), which limits the number of interrogatories that can be served: “The interrogatories shall not exceed 30, including all subparts, unless the court permits a larger number on motion and notice and for good cause.” In comparison to rule 1.340(a) (interrogatories), which only allows additional interrogatories by seeking permission from the court, the amendment to rule 1.370(a) (admissions) provides parties with the additional option of stipulating to a larger number of requests without court approval. Therefore, the amendment to rule 1.370(a) still permits requests for admissions to serve their discovery purpose and narrow the issues for trial. By requiring parties to be more selective in submitting requests for admissions, we believe that the amendment will address abusive practices without diminishing the purpose of the rule.
Rule 1.380(c), Failure to Make Discovery: Sanctions: Expenses on Failure to Admit, currently provides that a court can award reasonable expenses, which may include attorneys’ fees, to a requesting party when an opposing party has failed to admit the genuineness of a document or the truth of a matter. The rule is amended to require a court to issue such an order when the requesting party proves the genuineness of the document or the truth of the matter, instead of waiting until the end of trial.
The Committee proposed an amendment to rule 1.442(c), Proposals for Settlement: Form and Content of Proposal for Settlement, to specifically excuse apportionment *1015 requirements in proposals for settlement directed to parties alleged to be vicariously, constructively, derivatively or technically liable. We find that this proposal should not be adopted in light of recent case law from this Court. See Willis Shaw Express Inc., v. Hilyer Sod, Inc., 849 So.2d 276 (Fla.2003) (an offer from multiple plaintiffs must apportion the offer among the plaintiffs).
Current rule 1.540(b), Relief from Judgment, Decrees, or Orders: Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc., states that a party’s motion for relief from a final judgment, decree, order, or proceeding shall be “made” within a reasonable time. The rule is amended to replace the word “made” with “filed” to clarify that motions made under this rule must be filed.
The Committee Note to rule 1.650, Medical Malpractice Presuit Screening Rule, is amended to replace the incorrect cite to subdivision (d)(3) of the rule with the correct cite of (d)(1). Further, we note that current rule 1.650 cites to incorrect Florida Statute numbers. We amend the rule to correct those cites.
The Committee proposed editorial changes to rule 1.840, Judicial Waiver of Parental Notice of Abortion, and related form 1.999, Petition for Judicial Waiver of Parental Notice of Abortion. However, since the Committee made these proposals, this Court has found the statute on which the rule and form are based to be unconstitutional. See North Florida Women’s Health & Counseling Services, Inc. v. State, 28 Fla. L. Weekly S549, — So.2d -, 2003 WL 21546546 (Fla. July 10, 2003). Therefore, we decline to adopt the Committee’s proposed amendments to the rule and form. Further, because this Court has concluded that the statute upon which rule 1.840 and form 1.999 are based is unconstitutional, on our own motion, we repeal the rule and form, effective immediately.[2] See Fla. R. Jud. Admin. 2.130(a).
Form 1.902(b), Summons: Form for Personal Service on Natural Person, is amended by moving the instructions to the sheriff from the bottom of the form to the top of the form. This amendment promotes clarity and makes form 1.902(b) consistent with the format of form 1.902(a), Summons: General Form.
Current form 1.977, Fact Information Sheet, applies to individuals who are judgment debtors, and seeks information such as their names, residence addresses, employer information, and financial data. We amend the current form to identify it as 1.977(a), For Individuals, and adopt the Committee’s proposal to create the entirely new form 1.977(b), For Corporations and Other Business Entities. Form 1.977(b) seeks information similar to that sought in form (a), except form (b) focuses on business entities.[3]
Form 1.981, Satisfaction of Judgment, is adopted to create a general form for use in a satisfaction of judgment. The form and Committee Note also provide guidance regarding notarization and possible recording.
*1016 Form 1.988(b), Judgment After Default: Form with Interest and Fees, is amended to include prejudgment interest in the total judgment pursuant to Quality Engineered Installation, Inc. v. Higley South, Inc., 670 So.2d 929 (Fla.1996).
The Committee also proposed technical changes to: rule 1.525, Motions for Costs and Attorneys’ Fees; rule 1.750, County Court Actions; rule 1.810, Selection and Compensation of Arbitrators; rule 1.820, Hearing Procedures for Non-binding Arbitration; form 1.906, Attachment — Foreclosure; and form 1.988(a), Judgment After Default: General Form. We amend these rules and forms as proposed, without discussion.
Accordingly, we adopt the amendments to the rules and forms as set forth in the appendix to this opinion. Deletions are indicated by struck-through type, and new language is indicated by underscoring. Committee notes are included for explanation and guidance only and are not adopted as an official part of the rules. The repeal of rule 1.840 and form 1.999, and the deletion of subdivision (l) of Florida Rule of Appellate Procedure 9.110, shall become effective immediately. The remainder of the amendments shall become effective on January 1, 2004, at 12:01 a.m.
It is so ordered.
WELLS, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.
LEWIS, J., concurs in part and dissents in part with an opinion, in which ANSTEAD, C.J., concurs.

. The Committee received seven comments. After considering the comments, the Committee determined that the proposals did not need modification.

. Further, Florida Rule of Appellate Procedure 9.110(1) governs the procedure for appealing an order denying a petition for judicial waiver of parental notice of abortion. Because this Court’s holding in North Florida Women’s Health rendered this subdivision obsolete, on our own motion we delete subdivision (1), effective immediately. See Fla. R. Jud. Admin. 2.130(a).

. The Committee indicated in its petition before this Court that it has sent its proposed 2003 Committee Note for form 1.977(b) back to the subcommittee for further consideration. Therefore, the proposed 2003 Committee Note is not before the Court at this time and it is not included in the adopted proposals.