906 So.2d 1037 (2005)
Oscar LAMB, Petitioner,
v.
William MATETZSCHK, Respondent.
No. SC03-1444.
Supreme Court of Florida.
June 23, 2005.
*1038 Roy D. Wasson and Annabel C. Majewski of Wasson and Associates, Miami, FL and David J. Gorewitz, Melbourne, FL, for Petitioner.
Richard A. Sherman, Sr., Fort Lauderdale, FL, for Respondent.
QUINCE, J.
We have for review the decision of the Fifth District Court of Appeal in Matetzschk v. Lamb, 849 So.2d 1141 (Fla. 5th DCA 2003), which certified conflict with the Second District Court of Appeal's decision in Barnes v. Kellogg Co., 846 So.2d 568 (Fla. 2d DCA 2003). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the reasons which follow, we approve the Fifth District's decision in Matetzschk, disapprove the Second District's decision in Barnes, and hold that the plain language of Florida Rule of Civil Procedure 1.442 mandates that offers of settlement be differentiated between the parties, even if a party's liability is purely vicarious.

STATEMENT OF THE FACTS AND CASE
In a chain reaction, Oscar Lamb rear-ended a stopped car and was thereafter rear-ended by an automobile driven by William Matetzschk, who was then rear-ended by a vehicle driven by his own wife, Margie Matetzschk. There was no evidence that the collision between the Matetzschks propelled Mr. Matetzschk's vehicle into the rear of Lamb's vehicle a second time.
Lamb brought suit against the Matetzschks for the injuries he sustained in the accident. Lamb's sole allegation against Mrs. Matetzschk was that she was a co-owner of the vehicle driven by Mr. Matetzschk and was, therefore, jointly and severally liable with Mr. Matetzschk for Lamb's injuries.
On July 19, 1999, Lamb made his first, undifferentiated, joint proposal for settlement to the Matetzschks for $15,000, which was rejected. On August 4, 1999, Lamb made his second, undifferentiated, joint proposal for settlement to the Matetzschks for $9,000, which was also rejected. After the second offer, Lamb settled with Mrs. Matetzschk at mediation and proceeded against Mr. Matetzschk. On August 16, 2000, Lamb made his third and final proposal for settlement solely to Mr. Matetzschk for $6,000, and this offer expired without acceptance.
At trial, Lamb was awarded $73,108. Since this verdict exceeded any of the settlement proposals by more than twenty-five percent, Lamb was entitled to attorney's fees pursuant to section 768.79, Florida Statutes (1999).[1] Two hearings were *1039 subsequently held on the issue of attorney's fees. While Mr. Matetzschk agreed that Lamb was entitled to attorney's fees in the first hearing, he argued in the second hearing that the trial court should award the attorney's fees based upon the last proposal for settlement, since the first two proposals were undifferentiated. The trial court found that this argument was waived since it was not raised in the first hearing and awarded the attorney's fees to Lamb based upon the first proposal of settlement dated July 19, 1999.
The issue raised on appeal was whether the trial court erred by fixing July 19, 1999, as the inception date for attorney's fees, since the first offer of judgment was made then, rather than August 16, 2000, when the last offer of judgment was made and when there was no issue as to differentiation since only one party defendant remained in the suit. 849 So.2d at 1143. The Fifth District reversed the attorney's fee award below and remanded for a determination based upon the August 16 offer of judgment. Id. at 1144.
In reversing the trial court, the Fifth District found the trial court's determination that Mr. Matetzschk waived his objection to the earlier offers of judgment because he did not raise an objection at the first post-verdict hearing was incorrect. The court reasoned that a party could object to an interlocutory ruling at any time prior to a final judgment. Id. at 1143 (citing Whitlock v. Drazinic, 622 So.2d 142 (Fla. 5th DCA 1993)). Furthermore, the Fifth District stated that the record showed that Mr. Matetzschk had only stipulated that Lamb was entitled to attorney's fees but stated that the amount of the fee was to be determined at a later date. Id.
The Fifth District further stated that Willis Shaw Express, Inc. v. Hilyer Sod, Inc., 849 So.2d 276 (Fla.2003), was the controlling case on undifferentiated offers of judgment and that it believed that the language of Willis Shaw is applicable whether the offer emanates from joint plaintiffs or is directed to joint defendants. Matetzschk, 849 So.2d at 1143. In so holding, the Fifth District certified conflict with Barnes v. Kellogg Co., 846 So.2d 568 (Fla. 2d DCA 2003). In Barnes, the Second District held that an undifferentiated offer of settlement from one plaintiff to two defendants, even though one of the defendants was only vicariously liable, was proper. The Fifth District, on the other hand, stated that Florida Rule of Civil Procedure 1.442(c)(3), Willis Shaw, and logic require differentiated offers of settlement, even in cases of alleged vicarious liability. Matetzschk, 849 So.2d at 1144. The Fifth District stated that while it may be impossible to apportion fault among parties who are jointly and severally liable when one party's liability is purely vicarious, such an observation presupposes that vicarious liability is not a disputed issue. Id. The Fifth District stated that the issue of vicarious liability is often disputed, that the party against whom the advance claim is asserted has the right to settle, and that such settlement is impacted by the financial considerations of the party. Id. Thus, the Fifth District reversed the trial court's holding that the attorney's fees in this case should begin from the date of the earliest offer of settlement.
*1040 We accepted discretionary review based on this conflict.

ANALYSIS
The issue in this case is whether the combined effect of rule 1.442 and Willis Shaw prohibits undifferentiated offers of judgment from one plaintiff to two defendants, even when one of the two defendants is alleged to be only vicariously liable. In Willis Shaw, two plaintiffs served a joint proposal of settlement on one defendant. This proposal was rejected by the defendant. Since the plaintiffs' total recovery was twenty-five percent greater than the proposed settlement amount, the trial court found that the plaintiffs were entitled to attorney's fees. The defendant appealed to the First District, arguing that the plaintiffs' joint proposal was invalid since it did not apportion the settlement amount between the two plaintiffs. The First District agreed with the defendant and reversed the trial court. We approved the First District's holding. In approving the First District's holding, we stated that section 768.79 and rule 1.442 were to be strictly construed because they are in derogation of the common law rule that each party should pay its own fees. Additionally, we said, "[a] strict construction of the plain language of rule 1.442(c)(3) requires that offers of judgment made by multiple offerors must apportion the amounts attributable to each offeror." 849 So.2d at 278-79.
Rule 1.442 states in relevant part:
(c) Form and Content of Proposal for Settlement.
(1) A proposal shall be in writing and shall identify the applicable Florida law under which it is being made.
(2) A proposal shall:
(A) name the party or parties making the proposal and the party or parties to whom the proposal is being made;
(B) identify the claim or claims the proposal is attempting to resolve;
(C) state with particularity any relevant conditions;
(D) state the total amount of the proposal and state with particularity all nonmonetary terms of the proposal;
(E) state with particularity the amount proposed to settle a claim for punitive damages, if any;
(F) state whether the proposal includes attorney's fees and whether the attorney's fees are part of the legal claim; and
(G) include a certificate of service in the form required by rule 1.080(f).
(3) A proposal may be made by or to any party or parties and by or to any combination of parties properly identified in the proposal. A joint proposal shall state the amount and terms attributable to each party.

Fla. R. Civ. P. 1.442(c) (emphasis added).
Strictly construing rule 1.442(c)(3) in accordance with the dictate of Willis Shaw and applying it to the facts at hand, it is clear that Lamb's first two proposals of settlement were invalid for they failed to state the amount and terms attributable to the Matetzschks individually. Willis Shaw involved an undifferentiated offer from multiple plaintiffs to a single defendant and required that an offer from multiple plaintiffs apportion the offer among the plaintiffs. The same logic nonetheless applies to the situation where there is an undifferentiated offer from a single plaintiff to multiple defendants. Each defendant should be able to settle the suit knowing the extent of his or her financial responsibility. Notably, rule 1.442(c)(3) does not differentiate between plaintiffs and defendants but uses the term "party or parties." Consequently, the Fifth District properly awarded Lamb attorney's *1041 fees based upon the date of the last offer, August 16, 2000.
We addressed a similar situation under the prior version of rule 1.442 in Allstate Indemnity Co. v. Hingson, 808 So.2d 197 (Fla.2002). Allstate Indemnity Company served a joint, undifferentiated proposal for settlement on Solen and Annette Hingson. The Second District held that the offer had to be differentiated, since a lack of apportionment would prevent the parties from independently evaluating the settlement offer. In approving the decision of the Second District, we stated:
We agree with the district court in C & S[[2]] that "[t]o further the statute's goal, each party who receive[s] an offer of settlement is entitled . . . to evaluate the offer as it pertains to him or her." 754 So.2d at 797-98. Otherwise, in many cases, it would be impossible for the trial court to determine the amount attributable to each party in order to make a further determination of whether the judgment against only one of the parties was at least twenty-five percent more or less than the offer (depending on which party made the offer). Moreover, the plain language of section 768.79 supports the C & S court's holding. In subsection (2)(b), the statute refers to "party" in the singular. This, we believe, indicates the Legislature's intent that an offer specify the amount attributable to each individual party.
Id. at 199 (footnote added) (footnote omitted). Thus, we held that an offer of settlement from a defendant to multiple plaintiffs, even under the former version of the rule which did not use the specific language of apportionment to each party, requires apportionment of the amount and terms offered to each plaintiff.
Lamb also argues that he could not apportion the amount among the Matetzschks in his first two offers of judgment[3] since he believed at the time the offers were made that Mrs. Matetzschk was vicariously liable by reason of joint ownership of the vehicle.[4] Lamb asserts that it is impossible to apportion an offer of settlement when one of the offerees is only vicariously liable. It may take some creative drafting to fashion an offer of settlement when one party is only vicariously liable. However, we are confident that the lawyers of this State can and will draft an offer that will satisfy the requirements of the rule, that is, state the amount and terms attributable to each party when the proposal is made to more than one party.[5]
The Fifth District in this case certified conflict with Barnes. See Matetzschk, 849 So.2d at 1145. In Barnes, the plaintiff brought suit against Kellogg and Albertson's[6] *1042 for strict liability, breach of an implied warranty, and negligent manufacture, alleging that she had suffered physical and psychological injuries from inadvertently eating a bowl of cereal containing live insects. Barnes, 846 So.2d at 569. From the inception of this litigation, both defendants were represented by the same attorney. The attorney submitted a proposal for settlement on behalf of both defendants to Barnes pursuant to rule 1.442 and section 768.79, Florida Statutes (1999), in the amount of $95,000. Id. at 570. Barnes did not accept this proposal, and the trial court ultimately dismissed her suit with prejudice, finding that her allegations were fraudulent. Id. Following the dismissal, the defendants moved for costs and attorney's fees, and the trial court awarded them $45,779.
On appeal before the Second District, Barnes disputed the attorney's fees award, arguing that the proposal was defective since it did not apportion damages among the two defendants and "prevented her from accepting the offer from one defendant or the other." Id. at 569. The Second District disagreed, finding that the rule did not prohibit a joint offer of settlement when the settlement is attributed jointly and severally to the defendants. This holding is in direct conflict with the Fifth District's holding in this case that a joint offer of settlement must differentiate the amount attributable to each party, even where one party is only liable vicariously.
As we have already stated, the plain language of rule 1.442(c)(3) mandates that a joint proposal for settlement differentiate between the parties, even when one party's alleged liability is purely vicarious. Thus, to the extent that Barnes holds otherwise, we disapprove of that decision.

CONCLUSION
Rule 1.442(c)(3) expressly requires that a joint proposal of settlement made to two or more parties be differentiated. The rule makes no distinction between multiple plaintiffs and multiple defendants, nor does it make any distinction based on the theory of liability. Therefore, we approve the decision of the Fifth District in Matetzschk and disapprove of the decision of the Second District in Barnes to the extent it is inconsistent with this opinion.
It is so ordered.
WELLS, CANTERO, and BELL, JJ., concur.
PARIENTE, C.J., concurs specially with an opinion, in which ANSTEAD and LEWIS, JJ., concur.
LEWIS, J., concurs in result only with an opinion.
PARIENTE, C.J., specially concurring.
The majority has now interpreted Florida Rule of Civil Procedure 1.442(c)(3) to require differentiated offers of judgment, regardless of whether the offer emanates from or is directed to joint parties who have a common interest. I write to express my concern whether this interpretation of rule 1.442(c)(3) will in fact foster *1043 the primary goal of the rule and section 768.79, Florida Statutes (2004), which is to "encourage settlements in order to eliminate trials if possible." Unicare Health Facilities, Inc. v. Mort, 553 So.2d 159, 161 (Fla.1989); see also Nat'l Healthcorp Ltd. P'ship v. Close, 787 So.2d 22, 26 (Fla. 2d DCA 2001) ("The legislative purpose of section 768.79 is to encourage the early settlement and termination of litigation in civil cases generally."). I also write to discuss how the considerations in this case involving a joint offer to two defendants differs from those presented by Barnes v. Kellogg Co., 846 So.2d 568 (Fla. 2d DCA 2003), which involved a joint offer by two defendants to a single plaintiff where both defendants were jointly and severally liable for all of the plaintiff's damages.
In Security Professionals, Inc. v. Segall, 685 So.2d 1381 (Fla. 4th DCA 1997), I observed that former rule 1.442 resulted in increased litigation and did not further its goal to "terminate all claims, end disputes, and obviate the need for further intervention of the judicial process." Id. at 1384 (quoting Unicare Health Facilities, 553 So.2d at 161).[7] Rule 1.442 was amended effective January 1, 1997, to set forth specific procedures for effectuating a valid offer of judgment, including the requirement that a joint offer of judgment state the amount and terms attributable to each party. The committee notes to rule 1.442 state that this requirement was added to conform the rule to our decision in Fabre v. Marin, 623 So.2d 1182 (Fla.1993), in which we interpreted a statute requiring apportionment of liability for noneconomic damages. It was the Court's hope that the 1997 amendments to rule 1.442 would "enable parties to focus with greater specificity in their negotiations and thereby facilitate more settlements and less litigation." MGR Equip. Corp. v. Wilson Ice Enters., 731 So.2d 1262, 1264 n. 2 (Fla.1999). However, as this case and others since MGR Equipment demonstrate, subdivision (c)(3) of rule 1.442 has instead caused a proliferation of litigation rather than "obviate the need for further intervention of the judicial process." Unicare Health Facilities, 553 So.2d at 161.
Unfortunately, the current version of rule 1.442, requiring differentiated offers, may not always advance either the underlying purpose of the rule, which is to promote settlement, or the reason for the rule's amendment, which was to conform the rule to Fabre. Our recent interpretation of the plain language of rule 1.442(c)(3) has broadened the reach of the rule beyond Fabre so that a joint offer to a husband and wife is no longer authorized. See Allstate Indem. Co. v. Hingson, 808 So.2d 197 (Fla.2002). Yet, as a practical matter, the derivative claim of a spouse is generally not separately calculated for settlement purposes. Thus, by requiring apportionment of an offer of judgment directed to a husband and wife, the rule imposes a restriction that does not comport with the manner in which most settlements are accomplished.
I understand that in this circumstance there may be valid reasons for requiring a defendant to provide an offer that separates the damages between a husband and wife since a jury ultimately may be required to separately award damages to each spouse.[8] But by our decision in this *1044 case we have gone a step further by prohibiting a joint offer by a plaintiff directed towards two defendants, one of whom is only vicariously liable for the acts of the other defendant.[9] In this case, the liability of Mrs. Matetzschk was disputed. However, in other cases where the liability of one defendant is based on vicarious liability and the issue of vicarious liability is undisputed, apportionment of the offer between the active tortfeasor and the vicarious tortfeasor is problematic because the liability of both defendants is not apportioned but is coextensive.
Although the Fifth District in the present case certified conflict with Barnes, Barnes actually involved a different scenario than the present case. Barnes involved a joint offer of judgment that was made by two defendants to a plaintiff. See 846 So.2d at 569.[10] In addition, in Barnes it was alleged that one of the defendants sold the product containing the latent defect and thus could be held strictly liable for the actions of the other defendant. See 846 So.2d at 569-70.
In holding that the undifferentiated offer of judgment was permissible, the district court reasoned that "[t]here is no rational method to apportion fault between the strictly liable retailer, who has committed no negligent act, and the manufacturer who produced a product with a hidden defect." Id. at 571. In such a case, both defendants are jointly and severally liable for all damages. See id. at 572. No matter how clever a defendant or plaintiff might be in attempting to frame an offer, the reality is that there is no rational method to apportion fault.
I acknowledge that we rejected a proposal by the Civil Procedure Rules Committee to amend rule 1.442(c) to specifically excuse apportionment requirements concerning offers of judgment directed to parties alleged to be vicariously, constructively, derivatively or technically liable. See Amendments to the Fla. Rules of Civil Procedure, 858 So.2d 1013, 1014-15 (Fla.2003). At that time, we declined to amend rule 1.442(c) in the manner proposed in light of our decision in Willis Shaw.
I concurred in the majority opinion in Amendments to the Florida Rules of Civil Procedure. However, upon further consideration of the way in which most settlements are effectuated in the real world, the fact that the 1997 amendment was a result of Fabre, and the difficulty in apportioning offers to or from active and vicariously liable tortfeasors, it appears that as interpreted rule 1.442(c)(3) may not be promoting settlements. In light of these considerations, I would ask the committee to study this matter further and reconsider modified amendments to rule 1.442(c).
ANSTEAD and LEWIS, JJ., concur.
*1045 LEWIS, J., concurring in result only.
I concur in result only because I am compelled to do so based solely and exclusively upon the plain language of Florida Rule of Civil Procedure 1.442(c)(3). However, I agree with the view that the language of the current rule is contrary to the manner in which most settlements are effectuated in actual litigation practice given the impossibility of actually apportioning offers between those who are truly active tortfeasors and those merely vicariously responsible. Requiring the apportionment of an offer of settlement between multiple defendants when the liability of one is based solely and exclusively on a theory of vicarious liability is most problematic because the liability of the defendants in that context is coextensive and therefore incapable of being realistically apportioned. Under Florida law, a nonnegligent party who is found to be only vicariously liable is entitled to total and complete indemnification from the active tortfeasor. See Houdaille Indus., Inc. v. Edwards, 374 So.2d 490 (Fla.1979). Therefore, any attempt to apportion an offer of settlement when one of the offerees is only vicariously liable is, in my view, meaningless and essentially unworkable. When reviewing our Rules of Civil Procedure, we should be mindful of their functionality and practicality in actual application. When the existence of a problem such as this surfaces, we should work to resolve it appropriately rather than merely concluding that the problem is best resolved through "creative drafting" on the part of the attorney involved. In my view, the civil rules committee should immediately revisit this rule to consider modifications to its language to provide a system that is functional in cases such as this  where a vicariously liable party is involved in a case and an offer of settlement may be made.
Additionally, while I agree with the majority opinion's conclusion that the current version of rule 1.442 requires that an offer of settlement from a single plaintiff to multiple defendants must apportion the total amount between defendants, even if one party's liability is purely vicarious, I do not agree with the logic employed by the majority to reach that result. In my view, the cases cited by the majority opinion involve factual scenarios that are entirely distinguishable from the facts of the present case and are thus inapplicable to the instant matter. Neither Willis Shaw, Hingson, nor Barnes addressed an offer by a single plaintiff to multiple defendants when the liability of one of those defendants was based solely and exclusively on a theory of vicarious liability. The majority opinion itself recognizes the dissimilarities between the facts of Willis Shaw and the current case, but then proceeds to state that "[t]he same logic nonetheless applies to the situation" here. See majority op. at 1040. Therefore, although I conclude that the plain language of rule 1.442(c)(3) supports the result reached by the majority, I cannot agree with the reasoning of the majority opinion that the factually distinguishable cases cited therein should require the result that we must produce today. The result, in my view, is purely the product of the technical language of the rule, not logic or proper legal reasoning.
NOTES
[1] The relevant portions of section 768.79, Florida Statutes (1999), are as follows:

(1) In any civil action for damages filed in the courts of this state . . . [i]f a plaintiff files a demand for judgment which is not accepted by the defendant within 30 days and the plaintiff recovers a judgment in an amount at least 25 percent greater than the offer, she or he shall be entitled to recover reasonable costs and attorney's fees incurred from the date of the filing of the demand. If rejected, neither an offer nor demand is admissible in subsequent litigation, except for pursuing the penalties of this section.
. . . .
(6) Upon motion made by the offer or within 30 days after the entry of judgment or after voluntary or involuntary dismissal, the court shall determine the following:
. . . .
(b) If a plaintiff serves an offer which is not accepted by the defendant, and if the judgment obtained by the plaintiff is at least 25 percent more than the amount of the offer, the plaintiff shall be awarded reasonable costs, including investigative expenses, and attorney's fees, calculated in accordance with the guidelines promulgated by the Supreme Court, incurred from the date the offer was served.
[2] See C & S Chemicals, Inc. v. McDougald, 754 So.2d 795 (Fla. 2d DCA 2000).
[3] By the time the third offer of judgment was made, Lamb had settled with Mrs. Matetzschk.
[4] See Aurbach v. Gallina, 753 So.2d 60, 62 (Fla.2000):

Florida's dangerous instrumentality doctrine imposes strict vicarious liability upon the owner of a motor vehicle who voluntarily entrusts that motor vehicle to an individual whose negligent operation causes damage to another.
. . . .
In determining who is vicariously liable under the dangerous instrumentality doctrine, this Court repeatedly has required that the person held vicariously liable have an identifiable property interest in the vehicle, such as ownership, bailment, rental, or lease of a vehicle.
[5] In Amendments to Florida Rules of Civil Procedure, 858 So.2d 1013, 1015 (Fla.2003), we specifically declined to amend rule 1.442(c) to excuse apportionment in offers of settlement directed to parties who are alleged to be vicariously, constructively, derivatively or technically liable.
[6] Regarding Albertson's liability, the Second District stated:

Ms. Barnes did not allege that Albertson's committed any act of negligence. It merely sold her a box of cereal that contained insects as a result of the manufacturing process. The insects were a latent condition that Albertson's could not discover because the insects were inside the sealed container. Although it played no active role in creating this condition, Albertson's, as the retailer, could be liable for such a box of cereal. See § 672.314, Fla. Stat. (1999); Sencer v. Carl's Mkts., Inc., 45 So.2d 671 (Fla.1950); Wagner v. Mars, Inc., 166 So.2d 673 (Fla. 2d DCA 1964).
Barnes, 846 So.2d at 569-70.
[7] At that time the rule provided only that "[p]arties shall comply with the procedures set forth in section 768.79, Florida Statutes (1991)." Id. at 1382 (quoting Fla. R. Civ. P. 1.442 (1992)). Section 768.79 creates a substantive right to recover attorney's fees where an offer of judgment is rejected, see Sarkis v. Allstate Insurance Co., 863 So.2d 210, 215 (Fla.2003), and rule 1.442 provides the method and means of implementing this substantive right. See TGI Friday's Inc. v. Dvorak, 663 So.2d 606, 611 (Fla.1995).
[8] We have also interpreted rule 1.442(c)(3) to prohibit two plaintiffs from serving a joint offer of judgment on a defendant. See Willis Shaw Express, Inc. v. Hilyer Sod, Inc., 849 So.2d 276 (Fla.2003).
[9] The complaint alleged that Mrs. Matetzschk was vicariously liable because she was a co-owner of the vehicle driven by her husband at the time of the collision. See Matetzschk v. Lamb, 849 So.2d 1141, 1142-43 (Fla. 5th DCA 2003). During discovery it became apparent that this allegation could not be supported because Mrs. Matetzschk was not a co-owner of the vehicle and thus could not be held vicariously liable. See id. at 1144.
[10] In certifying conflict the Fifth District stated that Barnes "held that an undifferentiated offer of settlement from a plaintiff to two defendants, one of whom was only vicariously liable, was proper." Matetzschk, 849 So.2d at 1144 (emphasis added). This is factually incorrect. Whereas this case involves a joint offer of judgment made by a plaintiff to two defendants, Barnes involved exactly the oppositea joint offer made by two defendants to a single plaintiff.