913 So.2d 11 (2005)
Cheryl HEYMANN and Jonathan P. Heymann, Appellants,
v.
Gina FREE and Paul Anthony Free, Appellees.
No. 1D04-2761.
District Court of Appeal of Florida, First District.
September 8, 2005.
Brian C. Keri, Tallahassee, Attorney for Appellants.
Rod Bowdoin of Darby, Peele, Bowdoin & Payne, Lake City, Attorney for Appellees.

ON MOTION FOR CLARIFICATION
THOMAS, J.
Appellee seeks clarification of this court's opinion filed July 18, 2005. We grant Appellee's motion, withdraw our former opinion of July 18, 2005, and substitute the following opinion in its place.
We have for review an order granting Appellees a sanction of fees and costs arising out of a rejected settlement proposal made to Appellants. Because Appellees' settlement proposal failed to apportion the offer between Appellants, we reverse. However, we do not address the second offer of judgment, as the parties stipulated it was a valid offer.
Appellant Cheryl Heymann, Defendant below, drove her car and ran a stop sign, injuring Appellee Gina Free. Appellant *12 Jonathan Heymann was co-owner of the car driven by his wife. Appellee Gina Free made an initial unified settlement offer of $80,000 to Appellants, who were each purportedly liable under Florida's Dangerous Instrumentality Act. Appellants ultimately admitted liability. This offer did not attribute the amount between the parties. At the trial for damages, the jury returned a verdict of $416,101, later reduced to $356,932. The trial court granted attorney's fees and costs in the amount of $115,000 to Appellees as a sanction for Appellants' unreasonable rejection of the settlement proposal.
The Florida Supreme Court has held "the plain language of rule 1.442(c)(3) mandates that a joint proposal for settlement differentiate between the parties, even when one party's alleged liability is purely vicarious." Lamb v. Matetzschk, 906 So.2d 1037, 1042 (Fla.2005). Here, Appellees' initial unified offer of $80,000 to both Appellants did not state "the amount and terms attributable to each party" as required by rule 1.442(c)(3). Therefore, we are constrained by Lamb to reverse the award of attorney's fees and costs.
However, we agree with Chief Justice Pariente's specially concurring opinion in Lamb which notes that requiring a unified offer of judgment to apportion fault between equally liable defendants may not promote settlements. Lamb, 906 So.2d 1037, 1042. In our view, the facts of this case demonstrate that the invalidation of such offers will discourage settlements. Such a result is contrary to the legislative intent to encourage settlements through offers of judgment, as clearly expressed in section 768.79, Florida Statutes. There appears to be "no rational method to apportion fault" in cases involving equally liable defendants and a single plaintiff. Lamb, 906 So.2d at 1044 (Pariente, C.J., concurring) (quoting Barnes v. Kellogg Co., 846 So.2d 568, 571 (Fla. 2d DCA 2003)). As noted by the Chief Justice and two concurring Justices, Florida Rule of Civil Procedure 1.442 may, in fact, discourage such settlements.
We respectfully submit that the Florida Supreme Court should consider whether rule 1.442 should be amended to align with the legislative intent and to better state the requirements for a valid offer of judgment. A rule of procedure cannot alter, amend or eliminate an entitlement to an award of attorney's fees authorized in Section 768.79, Florida Statutes. See In Re Amend. To Fla. Rules of Civ. Proc., 682 So.2d 105, 106 (Fla.1996) (Florida Supreme Court rejected proposed amendment which would allow trial courts to determine "entitlement" to fees where Legislature established entitlement as matter of substantive law). In our view, the result in this case implicates the separation of powers clause in Article II, Section 3 of the Florida Constitution. Such a result will deprive Appellees of a significant attorney's fee award based on a requirement of rule 1.442 that is not contained in section 768.79, Florida Statutes. However, because we are constrained by Lamb, we reverse the award of attorney's fees and costs.
REVERSED and REMANDED.
PADOVANO, J., concurs.
ERVIN, J., concurs in result.