GROSS, J.
We affirm the trial court’s denial óf appellants’ motion for attorney’s fees.
Richard and Ann Graham were the defendants in the circuit court. Their joint proposal for settlement did not apportion the offer between them, so that it did not “state the amount and terms attributable to- each party,” as required by Florida Rule of Civil Procedure 1.442(c)(3). This *372 deficiency in the offer was fatal to their motion for fees.
Lamb v. Matetzschk, 906 So.2d 1037, 1042 (Fla.2005), holds that “[r]ule 1.442(c)(3) expressly requires that a joint proposal for settlement made by two or more parties be differentiated. The rule makes no distinction between multiple plaintiffs and multiple defendants, nor does it make any distinction on the theox-y of liability.”
Lamb relied primarily on Willis Shaw Express, Inc. v. Hilyer Sod, Inc., 849 So.2d 276 (Fla.2003). Willis Shaw invalidated a proposal that did not apportion a settlement amount between two plaintiffs to a single defendant. 849 So.2d at 278-79. Despite the fact that Willis Shaw involved an offer from multiple plaintiffs to a single defendant, the Lamb court stated that “[t]he same logic nonetheless applies to a situation where there is an undifferentiated offer from a single plaintiff to multiple defendants. Each defendant should be able to settle the suit knowing the extent of his or her financial responsibility.” Id. at 1040.
Here, the Grahams argue that they were sued on a “single unified claim” directed at their joint ownership of real property, so that their offer of settlement was valid. However, cases decided after Lamb recognize that the supreme court has adopted a bright line rule requiring apportionment under rule 1.442(c)(3). That the Grahams made their joint proposal for settlement as tenants by the entireties does not alter the bright line rule.
Heymann v. Free, 913 So.2d 11 (Fla. 1st DCA 2005), held that attorney’s fees were not awardable where a single plaintiff made a proposal for settlement to multiple defendants, because “the [plaintiffs] settlement proposal failed to apportion the offer between [defendants].... ” Id. at 12. The court recognized that it was “constrained by Lamb ” in a case where one defendant, the spouse of the other defendant, was vicariously liable under the dangerous instrumentality doctrine. Id.
In a situation similar to this appeal, the second district ruled that an unappor-tioned offer of judgment from multiple defendants to a single plaintiff failed to comply with rule 1.442. 1 Nation Technology Corp. v. A1 Teletronics, Inc., 924 So.2d 3 (Fla. 2d DCA 2005). The court found that Lamb controlled, stating:
Regardless of the fact that [one of the defendants] was vicariously liable for [the other defendant] or that the offer stated they would be jointly and severally responsible for the settlement amount, because the offer they presented to [plaintiff] did not differentiate between the two offeroi's, the offer did not comply with the clarification of rule 1.442(c) made by the supreme court in Lamb. Thus, the defendants were not entitled to fees and costs based on this offer of judgment.
1 Nation Tech. Corp., 924 So.2d 3, 6.
Finally, in D.A.B. Constructors, Inc. v. Oliver, 914 So.2d 462, 463 (Fla. 5th DCA 2005), two defendants jointly and severally liable under a theory of vicarious liability made a joint pi'oposal for settlement that failed to apportion “the amount of the offer between the defendants.” Id. at 463. The fifth district affirmed the trial court’s denial of fees because of the failure of the offers to apportion, “[i]n light of the extremely broad language” in Lamb. See id.
Based on Lamb, the tidal court did not err when it denied appellants’ motion for attorney’s fees.

Affirmed.

MAY, J„ and IMPERATO, CYNTHIA, Associate Judge, concur.