ROTHENBERG, Judge.
The plaintiff, Russell Oasis, appeals from an order denying his motion for attorney’s fees and costs. We affirm.
Alberto J. Espinoza (“Espinoza”) struck the rear end of the plaintiffs vehicle while driving a delivery truck owned by Amaro Food Enterprises, Inc. (“Amaro Food”). Count I of the plaintiffs second amended complaint sought judgment against Amaro Food and Espinoza jointly and severally, alleging that Amaro Food “negligently entrusted, and/or maintained” its truck, and that Espinoza “negligently operated and/or maintained” Amaro Food’s truck. Counts II and III were against Amaro Food’s insurer, Mercury Insurance Company of Florida (“Mercury Insurance”). In their combined answer, Amaro Food and Espinoza denied negligence, but admitted that Espinoza operated the truck with Amaro Food’s consent.
Mercury Insurance settled with the plaintiff. Amaro Food and Espinoza, however, rejected the plaintiffs proposal for séttlement and proceeded to trial. After final judgment was entered in favor of the plaintiff in the amount of $11,470.63 against Amaro Food and Espinoza, jointly and severally, the plaintiff moved for an award of attorney’s fees and costs against defendants Amaro Food and Espinoza, jointly and severally, pursuant to section 768.79, Florida Statutes, and Florida Rule of Civil Procedure 1.442.
The plaintiff argued that he was entitled to attorney’s fees and costs based upon the proposal for settlement he had served on the defendants and the final judgment entered by the trial court, which was at least twenty-five percent greater than his proposal for settlement. The plaintiffs proposal for settlement provides as follows:
Plaintiff, Russell Oasis, by his undersigned counsel and pursuant to § 768.79 Florida Statutes and Florida Rule of Civil Procedure 1.442, hereby offers that Final Judgment be entered in this cause against Defendants, Alberto J. Espinoza and Amaro Food Enterprises, Inc., jointly and severally, and in favor of Plaintiff, Russell Oasis, in the total sum of Six thousand seven hundred fifty ($6,750.00) dollars for all of said Plaintiffs claims, including attorney’s fees which attorney’s fees are not a part of said Plaintiffs legal claims.
The defendants successfully argued in the trial court that the plaintiff was not entitled to an award of attorney’s fees and costs because the plaintiffs proposal for settlement failed to comply with the re *634 quirements of Florida Rule of Civil Procedure 1.442(c)(3), which provides: “A proposal may be made by or to any party or parties and by or to any combination of parties properly identified in the proposal. A joint proposal shall state the amount and terms attributable to each party.”
In denying the plaintiffs motion for attorney’s fees and costs, the trial court relied on Florida Rule of Civil Procedure 1.442(c)(3); section 768.79, Florida Statutes (2005); and the Florida Supreme Court’s decision in Lamb v. Matetzschk, 906 So.2d 1037 (Fla.2005). As the issue in this appeal is whether the proposal for settlement complies with rule 1.442(c)(3) and section 768.79, we review the trial court’s denial of the plaintiffs motion for attorney’s fees and costs de novo. See Papouras v. BellSouth Telecomms., Inc., 940 So.2d 479, 480 (Fla. 4th DCA 2006)(holding that “[t]he question of whether a proposal for settlement complies with section 768.79, Florida Statutes (2005), and Florida Rule of Civil Procedure 1.442 is reviewed de novo
In Lamb, the Florida Supreme Court held that “the plain language of rule 1.442(c)(3) mandates that a joint proposal for settlement differentiate between the parties, even when one party’s alleged liability is purely vicarious.” Lamb, 906 So.2d at 1042 (emphasis added). In the instant case, the plaintiffs joint proposal for settlement to defendants Amaro Food and Espinoza did not “state the amount and terms attributable to each party,” as required by rule 1.442(c)(3). Thus, based upon Lamb, the plaintiffs joint proposal for settlement does not comply with rule 1.442(c)(3) and is invalid as a matter of law.
The plaintiff, however, argues that Lamb and its progeny are distinguishable because in Lamb, vicarious liability was disputed, whereas here, vicarious liability is undisputed. The plaintiff claims that where the liability of one defendant is based upon vicarious liability and the issue of vicarious liability is undisputed, to require apportionment of the offer between the active tortfeasor and vicarious tortfea-sor makes no sense; is in conflict with the purpose of the statute, which is to promote settlements; and is an expansion of the statute, the rule, and Lamb. We are unpersuaded by this argument.
Both rule 1.442(c)(3) and section 768.79 must be strictly construed because they are in derogation of the common law. See Willis Shaw Express, Inc. v. Hilyer Sod, Inc., 849 So.2d 276, 278-79 (Fla.2003). As rule 1.442(c)(3) clearly requires that “[a] joint proposal shall state the amount and terms attributable to each party” and the Florida Supreme Court in Lamb held that the rule applies even when one party’s alleged liability is purely vicarious, we conclude that it makes no legal difference whether vicarious liability is disputed or undisputed.
Affirmed.