29 So.3d 342 (2010)
George T. ANDREWS, Appellant,
v.
Thomas J. McPARTLAND and Sandra R. McPartland, Appellees.
No. 5D08-3415.
District Court of Appeal of Florida, Fifth District.
January 22, 2010.
Rehearing Denied March 10, 2010.
O. John Alpizar of Alpizar Law LLC, Palm Bay, and Marjorie Gadarian Graham, of Marjorie Gadarian Graham, P.A., Palm Beach Gardens, for Appellant.
Sharon C. Degnan, of Kubicki & Draper, Fort Lauderdale, for Appellee.
PER CURIAM.
AFFIRMED.
GRIFFIN, J., and BERGER, W., Associate Judge, concur.
COHEN, J., concurs specially with opinion.
COHEN, J., concurring specially.
Were I writing on a clean slate, I would reverse. The issue is whether a plaintiff's undifferentiated proposal for settlement that is served on two defendants, one of whose liability is undisputedly vicarious, is valid.
The facts are straightforward. George Andrews was injured in an automobile accident with Sandra McPartland. Mrs. McPartland was driving a vehicle she jointly owned with her husband, Thomas. Thomas's liability was purely vicarious, based solely on his joint ownership of the vehicle. Andrews served an undifferentiated proposal for settlement, pursuant to section 768.79, Florida Statutes, and Florida Rule of Civil Procedure 1.442, on the McPartlands for $175,000. The offer was rejected.
The lone issue at trial was damages; liability was not contested. The jury awarded Andrews compensatory damages exceeding $800,000, plus $7000 in punitive damages. Following entry of judgment, Andrews filed a motion for attorney's fees which was denied, based on the supreme court's decision in Lamb v. Matetzschk, 906 So.2d 1037 (Fla.2005). This appeal followed.
Although Lamb interpreted rule 1.442 to mandate differentiated offers under, apparently, any and all circumstances, a key fact underlying the holding was that the issue of vicarious liability was disputed. Although not acknowledged by the Lamb majority, this fact is duly noted by Justice Pariente in her concurrence. Id. at 1044. I agree, as Andrews argues, that because vicarious liability was undisputed in this case, Lamb is distinguishable. When vicarious liability is disputed, it may be possible to apportion liability. However, when it is not, requiring differentiated offers is problematic, as Justices Pariente, *343 Anstead, and Lewis recognized in their concurrences.
I also do not believe the rule is intended to test the cleverness or "creativity" of counsel; it is intended to foster and encourage settlement. To require differentiated settlements when vicarious liability is undisputed is unworkable, and could potentially wreak havoc with jury instructions and verdict forms, resulting in additional litigation as lawyers struggle to give meaning to rule 1.442. In those circumstances, absent a reason for assessing individual responsibility, for all practical purposes, the defendants are one, and should be treated as such under the rule.
That said, while I believe Lamb is distinguishable, I do not believe our decision in D.A.B. Constructors, Inc. v. Oliver, 914 So.2d 462 (Fla. 5th DCA 2005), is distinguishable. We are bound by that prior decision. Therefore, I concur in affirmance.