GROSS, J.
We reverse a final judgment awarding attorney’s fees pursuant to an offer of judgment because ambiguities in the offer prevent its enforceability. See § 768.79, Fla. Stat. (2007); Fla. R. Civ. P. 1.442.
The offer was apostrophe-challenged, creating ambiguities as to whether the drafter intended references to singular or plural defendants or plaintiffs. The offer, entitled “Defendant’s Joint Proposal for Settlement,” also appears to have been adopted from a form without sufficient editing; it requires “Plaintiff (s)” to “execute a stipulation,” and “Plaintiffis)” to “execute” a general release of “Defendant(s).”
In applying Rule 1.442, the Supreme Court has stated,
The rule intends for a proposal for judgment to be as specific as possible, leaving no ambiguities so that the recipient can fully evaluate its terms and conditions. Furthermore, if accepted, the proposal should be capable of execution without the need for judicial interpretation. Proposals for settlement are intended to end judicial labor, not create more.
State Farm Mut. Auto. Ins. Co. v. Nichols, 932 So.2d 1067, 1079 (Fla.2006) (quoting Lucas v. Calhoun, 813 So.2d 971, 973 (Fla. 2d DCA 2002)). The issue is not whether it is “fair or logical to apply the requirements” of rule 1.442(c) in a given case. Graham v. Peter K. Yeskel 1996 Irrevocable Trust, 928 So.2d 371, 374 (Fla. 4th *290 DCA 2006). The rule requires that “the settlement proposal be sufficiently clear and definite to allow the offeree to make an informed decision without needing clarification. If ambiguity within the proposal could reasonably affect the offeree’s decision, the proposal will not satisfy the particularity requirement.” Nichols, 932 So.2d at 1079.

Reversed.

WARNER J„ and STONE, BARRY J„ Senior Judge, concur.