ALTENBERND, Judge,
Dissenting.
I recognize that the court’s outcome today is supported by the decisions in Feldkamp v. Long Bay Partners, LLC, No. 2:09-cv-253-FtM-29SPC, 2012 WL 3941778 (M.D.Fla. Sept.10, 2012), and Graham v. Peter K. Yeskel 1996 Irrevocable Trust, 928 So.2d 371 (Fla. 4th DCA 2006). I further acknowledge my own poor track record at determining when joint or separate proposals are required under Florida Rule of Civil Procedure 1.442. See Barnes v. Kellogg Co., 846 So.2d 568 (Fla. 2d DCA 2003), disapproved of by Lamb v. Ma-tetzschk, 906 So.2d 1037 (Fla.2005); RDR Computer Consulting Corp. v. Eurodirect, Inc., 884 So.2d 1053 (Fla. 2d DCA 2004), implicitly overruled by Lamb, 906 So.2d 1037, as stated in Easters v. Russell, 942 So.2d 1008, 1009 n. 1 (Fla. 2d DCA 2006). Nevertheless, Mr. and Mrs. Durando jointly own a single cause of action against Mr. Cobb for breach of a single contract to replace the roof on their home. I do not believe we should reverse the trial court’s award of attorney’s fees in this case. I am unconvinced that Florida Rule of Civil Procedure 1.442 must be interpreted to require parties to make proposals to settle that essentially split causes, of action, ignore the doctrine of merger, and serve no practical purpose.
David and Jane Durando are husband and wife. They own a home and an adjacent barn in Hardee County. In August 2004, Hurricane Charley did substantial damage to the property. The Durandos entered into a contract with Mr. Cobb to install new roofing. The contract specified a single amount of $40,000 to remove the old roof and replace it with new roofing. It included another $1400 for “emergency dry-in.” The new roofing leaked. The Durandos eventually had someone else replace the roof for $45,050. The Durandos then sued Mr. Cobb for this amount, describing themselves as husband and wife and attaching Mr. Cobb’s contract. Following a nonjury trial, the trial court found “for the plaintiffs against the defendant in the amount of $49,990.39.”
Following entry of the judgment, the Durandos sought attorney’s fees because Mr. Cobb had rejected their offer of judgment. The language of their offer is accurately recited in the court’s opinion. Interestingly, they use the phrase “demands judgment” instead of “offer judgment.” The discussion at the hearing on the motion indicates that the Durandos’ simply revised a form that Mr. Cobb had served on them first. This form is now rarely used because most lawyers use the language of rule 1.442 and the phrase “proposal for settlement.” Under this older form, the Durandos were not requiring that Mr. Cobb pay them; they simply offered full settlement in exchange for entry of judgment.[1]
I recognize that the supreme court requires this court to construe section 768.79, Florida Statutes (2011), and Florida Rule of Civil Procedure 1.442 strictly because they are in derogation of the common law.[2] Willis Shaw Express, Inc. v. *280 Hilyer Sod, Inc., 849 So.2d 276, 278 (Fla. 2003). I simply do not understand how the requirement for dual offers of judgment in this case does anything to protect the common law.
The Durandos have sustained a single monetary loss. Mrs. Durango cannot logically make a claim for the roofing over the living room, while Mr. Durango demands payment for roofing over the garage. In this context, even the division between the house and the barn does not provide a logical split. Certainly, Mr. Cobb was not confused or placed into an unusual bargaining position by this joint offer, which mirrors his own offer.
If the Durandos had each filed an offer of judgment for $18,500, for example, in compliance with the rule described in Graham, 928 So.2d 371, what would have been the result? If Mr. Cobb had accepted the husband’s offer, a judgment would have been entered in his favor for $18,500. Under the doctrine of merger, this single cause of action would have merged into that judgment. See Whitehurst v. Camp, 699 So.2d 679, 682-83 (Fla.1997); Variety Children’s Hosp. v. Perkins, 445 So.2d 1010, 1012 (Fla.1983); Weston Orlando Park, Inc. v. Fairwinds Credit Union, 86 So.3d 1186 (Fla. 5th DCA 2012). Absent some exceptional legal gymnastics, the wife would not have a cause of action to pursue following this partial payment.
Even if this case involved a proposal for settlement in which a release was contemplated, absent special language in the joint offers and in the first release, the cause of action might be released by a release executed by the first of the two partners who owned the cause of action. See Hennessy v. White Mop Wringer Co., 693 So.2d 1088 (Fla. 2d DCA 1997).
As a practical matter, the contract only has Mr. Durando’s name on it. If the single cause of action could be brought by him individually, I do not understand why this rule of procedure must be interpreted to require two offers of judgment. Likewise, if the offer to settle this claim were divided into two parts, it is not clear to me why Mr. Cobb would ever want to pay to settle an undivided half interest in this cause of action, merely to face further litigation on the other undivided half interest. Protecting the common law seems to have achieved form over substance in this line of cases.

. The offers used in this case did not expressly discuss punitive damages or attorney's fees, but the case did not involve these issues and Mr. Cobb has not objected to the form as a result of these issues. See Diamond Aircraft Indus., Inc. v. Horowitch, 107 So.3d 362 (emphasizing that section 768.79 and rule 1.442 explicitly require a proposal to state whether fees are included).

. The rule requiring strict construction of statutes in derogation of the common law is a substantive canon. Substantive canons of construction are controversial. See Peter D. Webster et al., Statutory Construction in Florida: In Search of a Principled Approach, 9 Fla. Coastal L. Rev. 437, 519-21 (2008). I agree that a statute created by the legislature can be construed strictly to preserve the common *280 law that was created by the judiciary prior to the statute. I am not entirely convinced that this substantive canon should be used to narrowly construe a judicial rule of procedure by which a court with common law power has chosen to procedurally implement a statute that changes the common law.