PARIENTE, J., concurring.
I fully concur in the majority's conclusion that the proposal for settlement in this case was unambiguous, and thus enforceable. Majority op. at 1211. I write separately to, once again, highlight the proliferation of litigation surrounding proposals to settle, which runs counter to the entire purpose of these proposals-to reduce litigation. In light of the exorbitant amount of litigation, I urge courts to focus on the goal of reducing litigation when reviewing a proposal for settlement. Additionally, because it is "impossible to eliminate all ambiguity," courts must remember that a proposal need only "be sufficiently clear and definite to allow the offeree to make an informed decision without needing clarification." State Farm Mut. Auto. Ins. Co. v. Nichols , 932 So.2d 1067, 1079 (Fla. 2006).
As the majority explains, proposals for settlement are governed by section 768.79, Florida Statutes (2017), and *1218 Florida Rule of Civil Procedure 1.442. Majority op. at 1210. Under section 768.79, if a plaintiff serves a proposal for settlement, which the defendant does not accept "and the plaintiff recovers a judgment in an amount at least 25 percent greater" than the proposal, the plaintiff is entitled to recover reasonable costs and attorney's fees. § 768.79(1). The defendant can, likewise, recover reasonable costs and attorney's fees if the plaintiff fails to accept the defendant's proposal and "the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than" the defendant's proposal. Id. Rule 1.442 sets forth the procedure for serving proposals for settlement, the form these proposals should take, and the substance they should include.
This Court has explained that rule 1.442"was implemented solely to encourage settlements in order to eliminate trials if possible." Unicare Health Facilities, Inc. v. Mort , 553 So.2d 159, 161 (Fla. 1989) ; see Cheek v. McGowan Elec. Supply Co. , 511 So.2d 977, 981 (Fla. 1987). Despite the intended purpose of the rule, however, I have expressed concern as to "whether either the rule or the statute is fulfilling its intended purpose of encouraging settlement or at times is having the opposite effect of increasing litigation." Campbell v. Goldman , 959 So.2d 223, 227 (Fla. 2007) (Pariente, J., specially concurring); see Lamb v. Matetzschk , 906 So.2d 1037, 1042-43 (Fla. 2005) (Pariente, C.J., specially concurring); Sec. Prof'ls Inc. v. Segall , 685 So.2d 1381, 1384 (Fla. 4th DCA 1997).
In Lamb , the Court interpreted rule 1.442"to require differentiated offers of judgment, regardless of whether the offer emanates from or is directed to joint parties who have a common interest." 906 So.2d at 1042 (Pariente, C.J., specially concurring). Specifically, the Court "prohibit[ed] a joint offer by a plaintiff directed towards two defendants, one of whom [wa]s only vicariously liable for the acts of the other defendant." Id. at 1044 (Pariente, C.J., specially concurring). I questioned whether this approach would actually foster the primary goal of rule 1.442 to encourage settlements and reduce litigation, particularly in cases "where the liability of one defendant is based on vicarious liability and the issue of vicarious liability is undisputed." Id. (Pariente, C.J., specially concurring).
Likewise, in Campbell , I "reluctantly agree[d]" with the majority's conclusion that section 768.79 and rule 1.442 "require[d] that an offer of settlement cite the Florida law on which it is based." 959 So.2d at 227 (Pariente, J., specially concurring). My reluctance stemmed from the fact that "there was no lack of clarity, uncertainty, or confusion" in the offer in Campbell , because although the plaintiff's offer did not mention the statute, the offer did specify that it was made pursuant to rule 1.442. Id. (Pariente, J., specially concurring). Thus, it was a minor omission, not an actual ambiguity, that spawned an unnecessary amount of litigation.
This case presents another example of unnecessary litigation prompted by a clearly unambiguous proposal for settlement. As the majority explains, by "nitpicking" the precise wording of the proposals in this case, the district court "unnecessarily injected ambiguity into these proceedings and created more judicial labor, not less." Majority op. at 1217. Rather than comb through the terms of a proposal in search of ambiguity, I again urge courts to refrain "from 'nitpicking,' " and find a proposal unenforceable only when there is a reasonable ambiguity as to its meaning. Anderson v. Hilton Hotels Corp. , 202 So.3d 846, 853 (Fla. 2016) (quoting Carey-All Transp., Inc. v. Newby , 989 So.2d 1201, 1206 (Fla. 2d DCA 2008) ).